THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



LETESSA RUSSELL, Individually,
and as Natural Mother and Next Friend of
N.R., A minor

PLAINTIFFS

VERSUS                                    CIVIL ACTION NO. 3:17CV154 TSL-LRA

WAYNE COUNTY SCHOOL DISTRICT, AND
TOMETTE YATES, Individually;
DENEIECE KELLAMS, Individually; and
JOHN OR JANE DOES 1 - 10                                      DEFENDANTS

# COMPLAINT

### [JURY TRIAL DEMANDED]

COMES NOW the Plaintiff, LETESSA RUSSELL, Individually and as Natural Mother

and Next Friend of, N.R., A Minor, by and through her attorneys, DOUGLAS L. TYNES, JR.

and COURTNEY P. WILSON of the Tynes Law Firm, P.A., and would file this, her Complaint

against the Defendants named herein, and in support thereof presents the following to wit:

### PARTIES

1.      Plaintiff, LETESSA RUSSELL, is an adult resident citizen of Greene County,

Mississippi.  She brings this claim individually and on behalf of her daughter and next friend,

N.R., a minor.

2.      Defendant, WAYNE COUNTY SCHOOL DISTRICT ("WCSD"), is a school

district organized under the laws of the State of Mississippi and is a political subdivision within

the State of Mississippi, with the ability to sue and be sued, and which at all times relevant hereto

employed Defendant, TOMETTE YATES, and the as yet unidentified John or Jane Does 1-10.

Defendant, WAYNE COUNTY SCHOOL DISTRICT, may be served with process in the time

1

and manner provided by law by and through service of a Complaint and Summons upon its Superintendent, Bobby Jones, Waynesboro, Mississippi.

3.     Defendant, TOMETTE YATES ("Yates"), is a person of full age and majority and a citizen of and resides in the Southern District of Mississippi.  At all pertinent and relevant times herein, the said TOMETTE YATES was employed as a Personal Assistant in the WCSD, and was acting and/or neglected to act in the course and scope of her employment and under color of state law.   Said TOMETTE YATES is made a defendant herein individually. Defendant, TOMETTE YATES, may be served process of this Court in the time and manner provided by law pursuant to Rule 4 of the Federal Rules of Civil Procedure wherever she may be found.

4.     Defendant, DENEIECE KELLAMS ("Kellams"), is a person of full age and majority and a citizen of and resides in the Southern District of Mississippi.  At all pertinent and relevant times herein, the said DENEIECE KELLAMS was employed as an instructor in the WCSD, and was acting and/or neglected to act in the course and scope of her employment and under color of state law.  Said DENEIECE KELLAMS is made a defendant herein individually. Defendant, DENEIECE KELLAMS, may be served process of this Court in the time and manner provided by law pursuant to Rule 4 of the Federal Rules of Civil Procedure wherever she may be found.

5.     Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as JOHN OR JANE DOES 1-10, inclusive, and therefore sue these Defendants by such fictitious names and capacities.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes, and on that basis alleges, that each fictitiously-named Defendant is responsible in some manner for the occurrences herein

alleged, and that Plaintiff's injuries were proximately caused by the conduct of each such Defendant.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over the civil rights action pursuant to 28 U.S.C. § 1331 (Federal Questions), 28 U.S.C. § 1343(a)(3) (Civil Rights), and 28 U.S.C. § 1367(a) (Supplemental).

7.     Venue is proper in the Southern District of Mississippi, pursuant to 28 U.S.C. §1391, since substantial part of the events and omissions giving rise to this claim occurred in this judicial district.

8.     Whenever and wherever reference is made in this complaint to any act by a Defendant and/or Defendants, such allegations and references shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

## FACTS

9.     At all times relevant hereto the Defendants, acting individually and in concert with each other, as set forth herein below, acted unreasonably and with deliberate indifference to, and in reckless disregard for the constitutional rights of and the civil rights of the Plaintiff, N.R.

10.     N.R. is a minor child with a disability within the meaning of all applicable statutes and including Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the American with Disabilities Act, 42 U.S.C § 12131.  N.R. is a minor child under the age of eighteen.  The mother and next friend of the Plaintiff, LETESSA RUSSELL, asserts an independent claim on her own behalf as well.

3

11.    At the time of these events, underlying these causes of action, Plaintiff, N.R., was a special education student entrusted to the care of WCSD and the other named Defendants at Waynesboro Elementary School.

12.    On or about August 2012, N.R. was in a special-needs class of WCSD and was assigned a Personal Assistant, Tomette Yates. N.R. suffers from a developmental delay, autism, and mental retardation and has been determined to need certain services and such services are to be provided by the WCSD.

13.    As early as August 2012, TOMETTE YATES began inflicting physical abuse on N.R. who would come with bruises.   TOMETTE YATES would remove N.R. from the classroom and strike her with sticks.

14.    This physical abuse continued for years until it was reported to the local authorities by N.R.'s instructor, DENEIECE KELLAMS in 2015.  Formal charges were filed against TOMETTE YATES in the Waynesboro City Court.

15.    Based upon information and belief, DENEIECE KELLAMS and other school employees knew of this abuse and failed to notify the proper authorities.

16.    Ms. Russell is the natural mother and next friend of N.R.  From the day N.R. was enrolled in school, Ms. Rhodes notified the Defendant, WCSD, both orally and in writing that N.R. was not to be subjected to corporal punishment.

17.    The punishment administered to N.R. was administered in bad faith and in a manner exhibiting wonton and willful disregard of N.R.'s safety and disabilities and was objectively unreasonable under the circumstances.

18.    At no time, were the WCSD or TOMETTE YATES authorized by Ms. Russell to administer corporal punishments to N.R.

19.     Based on information and belief, the WCSD and/or TOMETTE YATES had an unofficial policy or custom or practice of subjecting N.R. to physical abuse.

20.     Following the incident, Ms. Russell took N.R. to see a medical provider who examined and treated N.R. for the physical and mental injuries she suffered as a result of the Defendants' actions.

21.     Following this incident, the WCSD failed to take any remedial or disciplinary action to correct the violation of N.R.'s and Ms. Russell's rights.

22.     The Defendant, WCSD, failed to take any steps to remedy this situation thus condoning and ratifying an unsafe school environment and the flagrant disregard of a parent/guardian's constitutional right to determine the course of their child's upbringing and education.

23.     Upon information and belief, N.R. was subjected to this punishment by the same instructor, TOMETTE YATES, on more than one occasion.

24.     In addition, N.R. became extremely fearful of attending school and terrified that she might be subjected to further abuse.

25.     N.R. was physically injured and emotionally traumatized by the continual administration of corporal punishment and the fear of further abuse.

26.     Despite making every effort to ameliorate and improve this situation and help N.R., Ms. Russell's expressions, concerns, and complaints to the WCSD's personnel were ignored for a long time.

27.     At all times herein, the Defendant, TOMETTE YATES, acted under color of State law, within the course and scope of her employment, with deliberate indifference and reckless disregard to the Plaintiffs' federally protected rights, with gross negligence, and negligence per

5

se evidencing a willful, wonton, or reckless disregard for the Plaintiffs' rights under Mississippi law.

28.     At all times herein, the Defendant, DENEIECE KELLAMS, acted under color of State law, within the course and scope of her employment, with deliberate indifference and reckless disregard to the Plaintiffs' federally protected rights, with gross negligence, and negligence per se evidencing a willful, wonton, or reckless disregard for the Plaintiffs' rights under Mississippi law.

29.     At all times relevant to this civil action, the Defendant, WCSD, had in effect a policy, practice, custom or usage that authorized its employees to administer corporal punishment or physical abuse to children despite the contrary wishes of their parents or guardians, to administer corporal punishment in an objectively unreasonable manner, and to administer corporal punishment for the sole purpose of inflicting pain on children.

30.     Upon information and belief, Defendants had policies, practices, or customs in place which caused, ratified, and/or furthered the violation of Plaintiff's rights as described herein.  Plaintiff accordingly seeks redress under 28 U.S.C. § 1983 for Defendant's violation of Plaintiff's constitutional rights.

31.     Defendants established customs, policies, and practices that directly and proximately caused the deprivation of the civil and constitutional rights of Plaintiffs as alleged herein, and the damages, emotional and mental pain and distress, and suffering of Plaintiffs.

32.     At all times pertinent herein, the Defendants, each and all, acted willfully, maliciously, wantonly, unreasonably, recklessly, and with deliberate indifference to, and with intentional and wanton disregard of the constitutional and civil rights of the Plaintiffs.

33.    The Defendants, acting individually and together, under color of law, engaged in a course of conduct, and conspired together, to deprive the Plaintiffs of their rights under federal and state law.

34.    The Defendants acting individually and together, under color of law, engaged in a course of conduct that caused the emotional and mental pain and suffering, injuries, and damages of N.R. and violated her rights as guaranteed by the Fourth, Fifth, Ninth, and Fourteenth Amendments of the Constitution of the United States. These include, but are not limited to, the right to be free from the deprivation of liberty that occurs without due process of law.

35.    The Defendants are liable unto your Plaintiffs jointly and severally for the wrongful acts complained of herein.

36.    Plaintiffs would show that they have sustained damages for which they are entitled to recover of and from the Defendants.

37.    The actions of the Defendants were willfully in violation of Plaintiff, N.R.'s, federally protected rights, and said willful and reckless actions justify the imposition of punitive damages.

## CAUSES OF ACTION

### (Claim 1 – Fourteenth Amendment Substantive Due Process)

38.    From 2012 until 2015, Ms. Russell had a clearly-established constitutional-liberty interest in the care, custody, and control of N.R.

39.    The Defendant, WCSD, and the Defendant, TOMETTE YATES, violated Ms. Rhodes' liberty interest by administering corporal punishment to N.R. without her consent and in contravention of her fundamental right as N.R.'s mother to the direct the education and upbringing of N.R.

40.     As a direct and proximate result of the acts and omissions of the Defendants, WCSD and TOMETTE YATES, Ms. Russell's constitutional right guaranteed under the Fourteenth Amendment to direct the care, custody, and control of N.R. was violated and caused injury to Ms. Russell and N.R.

41.     Plaintiffs requests judgment against all Defendants, for compensatory and punitive damages in whatever amount the jury may determine, plus costs, interest, and attorney's fees pursuant to 42 U.S.C. § 1988.

(Claim 2- Fourth Amendment Excessive Force)

42.     From 2012 until 2015, N.R. had a clearly established constitutional right to be free from the use of force that was objectively unreasonable under the circumstances.

43.     The Defendant, WCSD, and the Defendant, TOMETTE YATES, are liable to N.R. for violating his Fourth Amendment right to be free from unreasonable seizure of the person through the use of excessive force.

44.     As a direct and proximate result of the Defendant, WCSD's, and the Defendant, TOMETTE YATES's, violation of N.R.'s Fourth Amendment rights, N.R. suffered and continues to suffer injury.

(Claim 3 - Fourteenth Amendment Substantive Due Process)

45.     From 2012 until 2015, N.R. had a clearly established constitutional right to be free from the use of force that was arbitrary, capricious, or wholly unrelated to the legitimate state goal of maintaining an atmosphere conducive to learning.

46.     The Defendant, WCSD, and the Defendant, TOMETTE YATES, are liable to N.R. for violating her Fourteenth Amendment right to be free from the administration of corporal

punishment which was arbitrary, capricious, or wholly unrelated to the legitimate state goal of maintaining an atmosphere conducive to learning.

47.    As a direct and proximate result of the Defendant, WCSD's, and the Defendant, TOMETTE YATES's, violation of N.R.'s Fourteenth Amendment rights, N.R. suffered and continues to suffer injury.

48.    As a direct and proximate result of the foregoing, Defendants deprived the Plaintiff of her rights and privileges as citizens of the United States, and Defendants caused the Plaintiff to suffer financial injury, significant indignities, and to be hurt and injured in her health, strength, and activity, sustaining injury to her body and shock and injury to her nervous system and person, all of which has caused and will continue to cause Plaintiff physical, mental, and emotional pain and suffering, all to her general damage in a sum which will be proven at trial.

### (Claim 4 – MTCA and Common Law)

49.    The Defendant, WCSD, through the acts and omissions of its employees and agents are liable to Ms. Russell and N.R. for the breach of its ministerial duty in its administration of corporal punishment; for wrongfully, recklessly and excessively administering corporal punishment to N.R.; and for the intentional infliction of emotional distressed caused to Ms. Russell and N.R.

50.    The Defendant, TOMETTE YATES, to the extent that her acts are determined to have occurred outside the course and scope of her employment, is individually liable to Ms. Russell and N.R. for wrongfully, recklessly, and excessively administering corporal or restraint punishment to N.R., and for the intentional infliction of emotional distress caused to Ms. Russell and N.R.

51.     The actions of Defendant, WCSD, and the Defendant, TOMETTE YATES, violated the policies, procedures, rules, and regulations of WCSD and the State of Mississippi, as well as the Law of the State of Mississippi and the United States of America.

52.     Defendants violated 42 U.S.C. § 1985 in that they entered an agreement and combined among themselves and/or with others to engage in unlawful conduct, i.e. depriving the Plaintiff of rights guaranteed to her under the Fourth and Fourteenth Amendments to the United States Constitution.

53.     Defendants, WCSD, TOMETTE YATES, DENEIECE KELLAMS, and the as yet unidentified John or Jane Does 1-10, violated 42 U.S.C. § 1986 in that they, having knowledge that wrongs were conspired to be done, and, as mentioned in 42 U.S.C. § 1985, were about to be committed, and having power to prevent or aid in preventing the commission of the same, neglected and refused to do so.

54.     Defendants have each done or have caused to be done acts in furtherance of this conspiracy whereby the Plaintiffs have been injured and have been deprived of rights guaranteed to them under the Fourth and Fourteenth Amendments to the United States Constitution.

55.     Defendants, WCSD, TOMETTE YATES, DENEIECE KELLAMS, and the as yet unidentified John or Jane Does 1-10, each had actual knowledge of the conspiracies to deprive Plaintiffs of their rights protected by 42 U.S.C. § 1985, and each had the power and opportunity to prevent the violations from occurring and/or continuing to do so.

56.     As a direct and proximate result of the foregoing, Defendants deprived the Plaintiffs of their rights and privileges as citizens of the United States, and Defendants caused the Plaintiff, N.R., to suffer financial injury, significant indignities, and to be hurt and injured in his health, strength and activity, sustaining injury to his body and shock and injury to his nervous

system and person, which have caused, and will continue to cause, Plaintiff physical, mental, and emotional pain and suffering, all to her general damage in a sum, which will be proven at trial.

<u>(Claim 5 – Violation of Section 504 of the Rehabilitation Act)</u>

57.     Section 504 of the Rehabilitation Act provides, that "No otherwise qualified individual with a disability in the United States... shall, solely, by reason of her or his disability, be excluded from the participation in, be denied the befits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance...." See 29 U.S.C. § 794.

58.     By the acts and failures of WCSD, TOMETTE YATES, DENEIECE KELLAMS, and John or Jane Does 1-10, WCSD excluded N.R. from an appropriate education comparable to that provided to other students without disabilities.  Such exclusion and/or denial were solely by reason of N.R.'s disability and were in violation of Section 504.

59.     By the acts and failure of WCSD, TOMETTE YATES, and John or Jane Does 1-10, WCSD otherwise subjected N.R. to discrimination under programs and activities of WCSD, including but not limited to the Services described above.  Such discrimination was solely by reason of N.R's disability and was in violation of Section 504.

60.     As the direct and proximate result of violation Section 504, WCSD caused N.R. to suffer the injuries and losses described herein and caused N.R. to suffer a loss of rights guaranteed by Section 504.

61.     As the entity held accountable for violations of Section 504, WCSD is liable for all said injuries and losses.

<u>(Claim 6 – Violation of Individuals with Disabilities Education Act)</u>

62.     The Individuals with Disabilities Education Act guarantees special education and related services to children within a specific disability category.

63.     The actions of Defendant, WCSD, TOMMETTE YATES, DENEIECE KELLAMS, and John or Jane Does 1-10 violated the Individual Education Plan (IEP) of N.R., the policies, procedures, rules, and regulations of WCSD, the State of Mississippi, and the United States.

64.     As the direct and proximate result of the violation of N.R.'s IEP, WCSD caused N.R. to suffer the injuries and losses described herein and caused N.R. to suffer a loss of rights guaranteed by the Individuals with Disabilities Education Act.

65.     As the entity held accountable for violations of the Individuals with Disabilities Education Act, WCSD is liable for all said injuries and losses.

(Claim 7 – Violation of the ADA – Discrimination, Etc.)

66.     The ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *See* 42 U.S.C. §12132.

67.     By the acts and failures of TOMETTE YATES and/or WCSD, WCSD excluded N.R. from participation in, and denied N.R. the benefits of, the services, programs, and/or activities of WCSD, including but not limited to the Services described above. Such exclusion and denial were by reasons of N.R.'s disability.

68.     By the acts and failures of TOMETTE YATES and/or WCSD, WCSD discriminated against N.R. by reason of her disability.

69.     As a direct and proximate result of violating the ADA, WCSD caused N.R. to suffer the injuries and losses described herein, and caused N.R. to suffer a loss of rights guaranteed by the ADA.

70.     As the entity held accountable for violations of the ADA, WCSD is liable for all of said injuries and losses.

### (Claim 8 – Failure to Train and Supervise, 42 U.S.C. § 1983)

71.     The Defendant, WCSD, has a duty to train and supervise teachers, paraprofessionals, and other personnel in order to ensure the safety and well-being of students entrusted to their care and supervision.

72.     The Defendant, WCSD, failed to discharge these duties.

73.     The Defendant, WCSD, acted intentionally in failing to adequately train and supervise its teachers, paraprofessionals, and other personnel.

74.     As a result, Defendants subjected N.R. to physical abuse as a punitive measure in direct violation of state law and Department of Education regulations and in violation of his constitutional rights.

75.     The abuse has caused N.R. physical injury, significant trauma, and has increased her negative behaviors.  This abuse has also made her more fearful of teachers and other authority figures, and made a child, already struggling with a disability, even more difficult to include in community activities and school activities with non-disabled peers.  The Defendants abuse has significantly increased the risk of N.R.'s isolation from general society and puts her at a greater risk of institutionalization in the future.

76.     Had the supervisory Defendant, WCSD, made any effort to properly train and supervise the other Defendants, Plaintiff would likely not have suffered these egregious and conscience-shocking abuses by the Defendants, nor would Plaintiff likely have sustained the damages she has sustained.

77.     The supervisory Defendant, WCSD's, failure to properly train and supervise their subordinate employees was the moving force and proximate cause of the violation of Plaintiff's constitutional rights as described herein.

78.     The acts and omissions of the Defendants were conducted within the scope of their official duties and employment and under color of state law.

79.     The acts and omissions of the supervisory Defendant, as described above, caused Plaintiff's damages in that she suffered physical and mental pain and lasting damage that she will endure in the future.

## DAMAGES AND REMEDIES

80.     The Defendants, by their actions, as described in the above paragraphs, have caused the Plaintiffs emotional distress.

81.     The Plaintiffs are entitled to damages for emotional distress under the claims mentioned above and under 42 U.S.C. §§ 1981(2) and 1983.

82.     As a result of the above described actions, Ms. Russell and N.R. suffered emotional distress, physical injuries, financial loss, and pain and suffering, among other damages, for which they is entitled to actual and compensatory damages under Mississippi common law and the statutes cited above, in addition to punitive damages as pled herein.

83.     As a result of the above described actions, Ms. Russell and N.R. are entitled to obtain punitive damages under her claims brought forth under 42 U.S.C. § 1983 and the ADA (42 U.S.C. 12117(a)).

84.     The actions of each Defendant are malicious, unlawful, and/or so grossly negligent as to make these Defendants liable to the Plaintiffs for punitive damages.  Likewise,

the deliberate indifference of WCSD rises to a level of gross negligence and should subject it to punitive damages.

85.    As a direct and proximate result of Defendants' actions described hereinabove, the Plaintiff was caused to suffer the following injuries and damages:

A.    Past, present, and future emotional distress and mental anguish, inconvenience, humiliation, shame, loss of enjoyment of life, loss of self-esteem, loss of his good name, loss of esteem and respect from the community, fear and embarrassment, and injury to reputation, all of which Plaintiffs suffered;

B.    Past, present, and future economic damages, including but not limited to medical bills, lost wages, loss of wage earning capacity, relocation expenses, and others;

C.    Attorney's fees and costs under 42 U.S.C. § 1988(b), plus pre-judgment and post-judgment interest; and

D.    All other damages available under federal and state law, including punitive and/or exemplary damages.

86.    On information and belief, Plaintiffs allege that N.R.'s injuries will be permanent and that they have had significant consequences on her life.

87.    That the aforesaid damages to the Plaintiffs having been proximately caused by the negligence, gross negligence, wanton indifference, reckless disregard, and/or malicious or intentional acts of the Defendants.  Plaintiffs are entitled to sue and recover damages proximately resulting therefrom, including compensatory damages, punitive damages, attorney's fees, pre-

judgment and post-judgment interest, and such other relief as Plaintiffs may be entitled to under the laws of Mississippi and the United States.

WHEREFORE, PREMISES CONSIDERED, your Plaintiffs, LETESSA RUSSELL, Individually and as Natural Mother and Next Friend of, N.R., A Minor, demand judgment of and from the Defendants in an amount that will reasonably compensate Plaintiffs for their injuries and/or damages and to punish Defendants in order to deter future wrongful conduct, with said damages to include compensatory damages, in an amount determined by a jury, as well as punitive damages, in an amount determined by a jury, attorney's fees, and costs of these proceedings, pre-judgment and post-judgment interest, and such other relief as Plaintiffs may be entitled to under the laws of the State of Mississippi and the United States of America, and any and all other relief this Honorable Court deems just, proper, and equitable.

ON THIS the ⁷ᵗʰ day of March, 2017.

Respectfully submitted,
**LETESSA RUSSELL, Individually and as Natural**
**Mother and Next Friend of, N.R.,**
**A Minor**

BY: _____
DOUGLAS L. TYNES, JR. (MSB # 101921)
COURTNEY P. WILSON (MSB # 103531)

DOUGLAS L. TYNES, JR. (MSB # 101921)
COURTNEY P. WILSON (MSB #103531)
Tynes Law Firm, P.A.
525 Krebs Avenue (39567)
Post Office Drawer 966
Pascagoula, MS 39568-0966
228.769.7736 Telephone
228.769.8466 Facsimile
monte@tyneslawfirm.com
courtney@tyneslawfirm.com