IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LETESSA RUSSELL, Individually, and
as Natural Mother and Next Friend of
N.R., A minor**                                               **PLAINTIFFS**

**VS.**                                                 **CIVIL ACTION NO. 3:17CV154-TSL-LRA**

**WAYNE COUNTY SCHOOL DISTRICT, AND
TOMETTE YATES, Individually;
DENEIECE KELLAMS, Individually; and
JOHN OR JANE DOES 1-10**                                                 **DEFENDANTS**

**Answer and Affirmative Defenses of Wayne County School District to Plaintiffs' Complaint**

The Wayne County School District (the "District") responds to the Plaintiffs' Complaint, [1], as follows:

**AFFIRMATIVE DEFENSES**

1. The complaint fails to state a claim against the District upon which relief can be granted under the laws of the United States or the State of Mississippi. Therefore, this complaint should be dismissed.

2. To the extent the Plaintiffs have failed to exhaust administrative remedies with respect to any cause of action, those claims are procedurally barred.

3. The District is immune from punitive damages under federal law, including 42 U.S.C. § 1983, and other applicable statutes. Although no state law claims have been asserted, Miss. Code Ann. § 11-46-11, *et seq.*, bars punitive damages under state law.

4. The conduct of the District was not the proximate cause of the alleged violations of the Plaintiffs' constitutional rights.

5. While denying that the District took any action against the Plaintiffs for which the District may be liable, the District expressly pleads that each and every action taken by the District with respect to the Plaintiffs was taken in good faith and for legitimate reasons.

6. The District denies each and every material allegation by which the Plaintiffs seek to impose liability upon the District in any manner.

7. The Plaintiffs have failed to exhaust the due-process policies and procedures/administrative remedies of the District and are, therefore, estopped and barred from proceeding in this case.

8. The Plaintiffs' claims may be barred by the applicable statutes of limitation.

9. The District would show that any and all damages sustained by the Plaintiffs, all being strictly denied, were directly and proximately caused in whole or in part by acts or omissions of the Plaintiffs or persons or entities for which the District is neither responsible nor liable herein.

10. Any award of punitive damages is unconstitutional because the standards utilized to allow the imposition of such damages are so vague, both on their face and as applied, so as to fail to give adequate or sufficient notice of the prohibitive conduct.

11. The Plaintiffs states no claim upon which punitive damages would be recoverable under any state or Federal law or the United State Constitution. Nevertheless at all times the District exercised good faith efforts to comply with applicable laws. All conduct alleged to be violative of that statute would be contrary to the District's efforts and established policies and cannot serve to impose punitive damage liability on the District.

12. The actions of the District have never involved actual malice or gross negligence which evidences a willful, wanton or reckless disregard of any constitutional rights.

13. Because discovery is ongoing, the District reserves the right to assert any additional affirmative defenses and to assert any counter-claim or cross-claim that may be justified as additional facts become known.

14. The District invokes all defenses to which they are entitled, pursuant to the applicable policies, standards, regulations, laws, statutes and authorities.

15. To the extent that the Plaintiffs have failed to fully mitigate their claimed damages, the entitlement to which is denied, those damages should be denied.

16. The Plaintiffs' claims are barred to the extent that the alleged damages, the existence of which is denied, were caused or contributed to by intervening intentional acts of third parties.

17. The District is not liable under the doctrine of legislative, judicial, and common law sovereign immunity insofar as applicable in this action.

18. The District denies any and all allegations or claims that it or any of its employees or agents violated, in any manner or nature, any provision of the United States Constitution or any other federal law or any provision of this State's Constitution or any other state law.

19. With all facts not being fully developed, the District pleads all defenses in Rules 8 and 12 of the Federal Rules of Civil Procedure. Rule 8 defenses include, but are not limited to, accord and satisfaction, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, waiver and any other matter constituting an avoidance or affirmative defense.

20. Any allegation not specifically admitted is thereby denied, and the District further denies that Plaintiffs are entitled to any relief in this matter.

21. The conduct of the District was not the proximate cause of the Plaintiffs' alleged damages.

22. The Plaintiffs have failed to properly provide notice of her claims under Miss. Code Ann. § 11-46-11.

23. The Plaintiffs' claims are barred or limited by the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1 through § 11-46-23. The District is entitled to all protections, defenses, and immunities of Miss. Code Ann. § 11-46-1 through § 11-46-23.

24. The Plaintiffs are not entitled to a jury trial on state law claims pursuant to Miss. Code Ann. § 11-46-13.

25. To the extent the Plaintiffs' claims are based on the criminal actions of District employees, the District is immune from liability. Miss. Code Ann. §§ 11-46-5 (2) and 11-46-7. Discretionary actions of the District and its employees are immune from liability under Miss. Code Ann. § 11-46-9.

26. At no time did the District promulgate, ratify, endorse, enact, or tolerate any child abuse known to it. If the allegations of the complaint are true that Yates physically abused N.R., she acted outside the course and scope of her employment without knowledge of the District or its Board of Education. If the allegations of the complaint are true that Kellams failed to report abuse she observed, Kellams acted outside the course and scope of her employment. Thus, the District cannot be liable for the actions of Yates or Kellams as alleged in the complaint. The District denies it has any policy, whether official or unofficial, which authorizes, condones, ratifies, endorses, or tolerates the physical abuse of its students.

Now, without waiving and expressly incorporating each of the affirmative defenses set forth above, all Defendants respond to the Plaintiff's complaint, paragraph-by-paragraph, as follows:

**ANSWER**

1. The allegations of paragraph 1 do not call for a response from the District.

2. The District admits it is a school district organized under the laws of the State of Mississippi. The District admits its agent for service of process in accurately reflected in paragraph 2. The District admits Tomette Yates is a former employee of the District. All remaining allegations of paragraph 2 are denied.

3. The District admits Tomette Yates was formerly employed by the District. All remaining allegations of paragraph 3 are denied.

4. The District admits Deneiece Kellams was formerly employed by the District. All remaining allegations of paragraph 4 are denied.

5. The District is without sufficient information to form a response to the allegations of paragraph 5; therefore, those allegations are denied.

6. Admitted.

7. The District admits venue is proper. All remaining allegations of paragraph 7 are denied.

8. Denied.

9. Denied.

10. The District admits that N.R. is a minor child under the age of 18. All remaining allegations of paragraph 10 are denied.

11. The District admits N.R. was a student who received special education services from the District. The remaining allegations of paragraph 11 are denied.

12. The District admits N.R. was a student who received special education services from the District. The remaining allegations of paragraph 12 are denied.

13. The District is without sufficient knowledge to form a response to the allegations of paragraph 13; therefore, those allegations are denied.

14. The District admits Deneiece Kellams reported concerns to Letessa Russell regarding N.R. in 2015. The District is without sufficient knowledge to form a response to the remaining allegations of paragraph 14; therefore, those allegations are denied.

15. The District denies the allegations of paragraph 15 with respect to the District.

16. The District is without sufficient knowledge to form a response to the allegations of paragraph 16 as discovery is ongoing; therefore, those allegations are denied. Further, the allegations of physical abuse do not relate to "corporal punishment."

17. The District is without sufficient knowledge to form a response to the allegations of paragraph 17; therefore, those allegations are denied. The allegations of physical abuse, if true, were not undertaken with knowledge of the District and were, if true, undertaken outside the course and scope of employment. Therefore, no allegations in this paragraph or elsewhere in the complaint impose liability on the District.

18. The District is without sufficient knowledge to form a response to the allegations of paragraph 18; therefore, those allegations are denied. Further, the allegations of physical abuse do not relate to "corporal punishment." The allegations of physical abuse, if true, were not undertaken with knowledge of the District and were, if true, undertaken outside the course and scope of employment. Therefore, no allegations in this paragraph impose liability on the District.

19. The District denies the allegations of paragraph 19 with respect to the District. To the extent Yates had an "unofficial" policy or custom of subjecting N.R. to physical abuse, such policy was not a policy or custom promulgated, condoned, or tolerated by the District. Yates, by definition, would have been acting outside the course and scope of her employment if such allegations of criminal child abuse are true.

20. The District is without sufficient knowledge to form a response to the allegations of paragraph 20; therefore, those allegations are denied.

21. Denied.

22. Denied.

23. The District is without sufficient knowledge to form a response to the allegations of paragraph 23; therefore, those allegations are denied.

24. The District is without sufficient knowledge to form a response to the allegations of paragraph 24; therefore, those allegations are denied.

25. The District is without sufficient knowledge to form a response to the allegations of paragraph 25; therefore, those allegations are denied.

26. The District denies the allegations of paragraph 26 with respect to the District.

27. The District denies the allegations of paragraph 27.

28. The District denies the allegations of paragraph 28.

29. Denied.

30. The District denies the allegations of paragraph 30 with respect to the District.

31. The District denies the allegations of paragraph 31 with respect to the District.

32. The District denies the allegations of paragraph 32 with respect to the District.

33. The District denies the allegations of paragraph 33 with respect to the District.

34. The District denies the allegations of paragraph 34 with respect to the District.

35. Denied.

36. The District denies the allegations of paragraph 36 with respect to the District.

37. The District denies the allegations of paragraph 37 with respect to the District.

38. The allegations of paragraph 38 do not call for a response from the District.

39. The District denies the allegations of paragraph 39 with respect to the District.

40. The District denies the allegations of paragraph 40 with respect to the District.

41. The District denies the allegations of paragraph 41 with respect to the District. The District specifically denies the Plaintiffs are entitled to recovery in any form or amount from the District.

42. The allegations of paragraph 42 do not call for a response from the District.

43. The District denies the allegations of paragraph 43 with respect to the District.

44. The District denies the allegations of paragraph 44 with respect to the District.

45. The allegations of paragraph 45 do not call for a response from the District.

46. The District denies the allegations of paragraph 46 with respect to the District.

47. The District denies the allegations of paragraph 47 with respect to the District.

48. The District denies the allegations of paragraph 48 with respect to the District.

49. Denied.

50. The allegations of paragraph 50 do not apply to the District; therefore, no response is required. To the extent a response is required, the District denies the allegations of paragraph 50 with respect to the District.

51. The District denies the allegations of paragraph 51 with respect to the District.

52. The District denies the allegations of paragraph 52 with respect to the District.

53. The District denies the allegations of paragraph 53 with respect to the District.

54. The District denies the allegations of paragraph 54 with respect to the District.

55. The District denies the allegations of paragraph 55 with respect to the District.

56. The District denies the allegations of paragraph 56 with respect to the District.

57. Section 504 of the Rehabilitation Act speaks for itself, and any characterization of same is denied.

58. The District denies the allegations of paragraph 58 with respect to the District.

59. The District denies the allegations of paragraph 59 with respect to the District.

60. The District denies the allegations of paragraph 60 with respect to the District.

61. Denied.

62. The Individuals with Disabilities Education Act (IDEA) speaks for itself, and any characterization of same is denied.

63. The District denies the allegations of paragraph 63 with respect to the District.

64. Denied.

65. Denied.

66. The Americans with Disabilities Act (ADA) speaks for itself, and any characterization of same is denied.

67. The District denies the allegations of paragraph 67 with respect to the District.

68. The District denies the allegations of paragraph 68 with respect to the District.

69. Denied.

70. Denied.

71. To the extent the allegations of paragraph 71 seek to impose liability on the District, the District denies the allegations.

72. Denied.

73. Denied.

74. The District denies the allegations of paragraph 74 with respect to the District.

75. The District denies the allegations of paragraph 75 with respect to the District.

76. Denied.

77. Denied.

78. The District denies the allegations of paragraph 78 with respect to the District.

79. The District denies the allegations of paragraph 79 with respect to the District.

80. The District denies the allegations of paragraph 80 with respect to the District.

81. The District denies the allegations of paragraph 81 with respect to the District.

82. The District denies the allegations of paragraph 82 with respect to the District.

83. The District denies the allegations of paragraph 83 with respect to the District.

84. The District denies the allegations of paragraph 84 with respect to the District.

85. The District denies the allegations of paragraph 85, and all subparts, with respect to the District.

86. The District denies the allegations of paragraph 86 with respect to the District.

87. The District denies the allegations of paragraph 87 with respect to the District.

The District denies the allegations of the final, unnumbered paragraph of the Complaint beginning, "WHEREFORE, PREMISES CONSIDERED," and continuing through the end of the Complaint. The District specifically denies the Plaintiffs are entitled to recovery in any form or amount from the District.

Respectfully submitted, this 19th day of April 2017.

**Wayne County School District**


/s/ John S. Hooks


OF COUNSEL:

James A. Keith
Mississippi Bar No. 3546
John S. Hooks
Mississippi Bar No. 99175
Adams and Reese LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, Mississippi 39157
Telephone: 601.353.3234
Facsimile: 601.355.9708
E-mail: jim.keith@arlaw.com
john.hooks@arlaw.com

**CERTIFICATE OF SERVICE**

      I, John Hooks, hereby certify that I have this day filed a true and correct copy of the above document with the Clerk of the Court using the CM/ECF System, which caused notice of filing to be served on all registered counsel of record.

      Dated: April 19, 2017.

      /s/ John S. Hooks