IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LETESSA RUSSELL, Individually,
And as Natural Mother and Next Friend of
N.R., a Minor                                                                                PLAINTIFFS

VERSUS                                                           CIVIL ACTION NO. 3:17cv154 TSL-LRA

WAYNE COUNTY SCHOOL DISTRICT
AND TOMETTE YATES, Individually;
DENEIECE KELLAMS, Individually; and
JOHN OR JANE DOES 1-10                                                                      DEFENDANTS

## ANSWER AND DEFENSES OF DEFENDANT, TOMETTE YATES

COMES NOW, Defendant, Tomette Yates, by and through undersigned counsel, submits this her Answer and Affirmative Defenses and would respectfully show unto the Court as follows:

### FIRST DEFENSE

Defendant, Tomette Yates, is due to be dismissed from this civil action pursuant to Rule 12 of the Federal Rules of Civil Procedure on the following basis:

1.    Insufficient process as provided by F.R.C.P. 12(b)(4);

2.    Insufficient service of process as provided by F.R.C.P. 12(b)(5); and

3.    Failure to state a claim upon which relief can be granted as provided by F.R.C.P. 12(b)(6).

### SECOND DEFENSE

Answering Defendant is an arm and/or official of the State of Mississippi. The Eleventh Amendment prohibits suits against the State, an arm of the State or state

officials acting in their official capacities in federal court. Plaintiffs' claims against Answering Defendant are barred by Eleventh Amendment immunity.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to exhaust administrative remedies.

## FOURTH DEFENSE

To the extent Plaintiffs attempt to assert any state law claims against Answering Defendant, such claims are barred by the Mississippi Tort Claims Act.

## FIFTH DEFENSE

The Plaintiffs' claims are barred by sovereign immunity and/or by the immunity granted to the State and state officials.

## SIXTH DEFENSE

The Court lacks subject matter jurisdiction over the claims against Answering Defendant acting in her official capacity by virtue of the Eleventh Amendment prohibition against suits in federal court against a state, state agency or state officials.

## SEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

## EIGHTH DEFENSE

At all pertinent times hereto, Answering Defendant was acting in the course and scope of her employment. To the extent Plaintiffs attempt to allege any state law causes of action against Answering Defendant, the claims fail to state a claim upon

which relief can be granted because Miss. Code Ann. § 11-46-7 (as amended) provides that no employee shall be personally liable for acts or omissions occurring within the course and scope of the employee's duties. Accordingly, Plaintiffs' state law causes of action, if any, against Answering Defendant must be dismissed.

## NINTH DEFENSE

The Plaintiffs' claims against Answering Defendant are barred by absolute and/or qualified immunity.

## TENTH DEFENSE

At all times, Answering Defendant's actions were reasonable in light of existing law and thus cannot form the basis for liability against them.

## ELEVENTH DEFENSE

The Plaintiffs have failed to meet the heightened pleading standard required where qualified immunity is implicated by a Defendant's status as a state official. Accordingly, Plaintiffs' claims should be dismissed.

## TWELFTH DEFENSE

Answering Defendant asserts insufficiency of process and service of process.

## THIRTEENTH DEFENSE

The Plaintiffs' claims may be barred by the applicable statutes of limitation.

## FOURTEENTH DEFENSE

Any and all damages sustained by the Plaintiffs, all being strictly denied, were proximately caused in whole or in part by acts or omissions of the Plaintiffs or persons or entities other than Answering Defendant.

## FIFTEENTH DEFENSE

Any award of punitive damages is unconstitutional because the standards utilized to allow the imposition of such damages are so vague, both on their face and as applied, so as to fail to give adequate or sufficient notice of the prohibitive conduct.

## SIXTEENTH DEFENSE

The Plaintiffs states no claim upon which punitive damages would be recoverable under any state or Federal law or the United States Constitution. Nevertheless at all times the Defendant exercised good faith efforts to comply with applicable laws.

## SEVENTEENTH DEFENSE

The actions of Answering Defendant has never involved actual malice or gross negligence which evidence a willful, wanton or reckless disregard of any constitutional rights.

## EIGHTEENTH DEFENSE

Because discovery is ongoing, Answering Defendant reserves the right to assert any additional affirmative defenses that may be justified as additional facts become known.

## NINETEENTH DEFENSE

To the extent that the Plaintiffs have failed to fully mitigate their claimed damages, the entitlement to which is denied, those damages should be denied.

## TWENTIETH DEFENSE

The Plaintiffs' claims are barred to the extent that the alleged damages, the existence of which is denied, were caused or contributed to by intervening and/or superseding acts of third parties.

## TWENTY-FIRST DEFENSE

With all facts not being fully developed, Defendant pleads all defenses in Rules 8 and 12 of the Federal Rules of Civil Procedure. Rule 8 defenses include, but are not limited to, accord and satisfaction, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppels, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, waiver and any other matter constituting an avoidance or affirmative defense.

## TWENTY-SECOND DEFENSE

The Plaintiffs have failed to properly provide notice of their claims under Miss. Code Ann. § 11-46-11.

## TWENTY-THIRD DEFENSE

The Plaintiffs' claims are barred or limited by the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1 through § 11-46-23. The Defendant is entitled to all protections, defenses, and immunities of Miss. Code Ann. § 11-46-1 through § 11-46-23.

## TWENTY-FOURTH DEFENSE

The Plaintiffs are not entitled to a jury trial on state law claims pursuant to Miss. Code Ann. § 11-46-13.

# ANSWER

And now, without waiving any defense heretofore or hereinafter set forth, Answering Defendant, Tomette Yates, responds to the allegations in Plaintiffs' Complaint, paragraph by paragraph, as follows:

1. The allegations of Paragraph 1 of the Complaint are admitted based upon information and belief.

2. The allegations of Paragraph 2 of the Complaint do not call for a response from the Answering Defendant.

3. It is admitted that Defendant, Tomette Yates, is a citizen of and resides in the Southern District of Mississippi. It is further admitted that Ms. Yates was formerly employed by the Wayne County School District. All remaining allegations of Paragraph 3 of the Complaint are denied.

4. The allegations of Paragraph 4 of the Complaint do not call for a response from the Answering Defendant.

5. Answering Defendant is without information sufficient to form a belief as to the allegations contained in Paragraph 5 of the Complaint and therefore, deny same.

6. The allegations of Paragraph 6 of the Complaint are admitted.

7. It is admitted that venue is proper in the Southern District of Mississippi. The remaining allegations of Paragraph 7 of the Complaint are denied.

8. The allegations of Paragraph 8 of the Complaint are denied.

9. The allegations of Paragraph 9 of the Complaint are denied.

10. It is admitted that N.R. is a minor child under the age of 18. The remaining allegations contained in Paragraph 10 of the Complaint are denied.

11. It is admitted that N.R. is a special education student receiving special education services from the Wayne County School District. The remaining allegations of Paragraph 11 of the Complaint are denied.

12. It is admitted that N.R. is a special education student receiving special education services from the Wayne County School District. It is further admitted that N.R. was determined to require certain services in the course of her education. The remaining allegations of Paragraph 12 of the Complaint are denied.

13. The allegations of Paragraph 13 of the Complaint are denied. While a charge was asserted against Answering Defendant by Letessa Russell, those charges were dismissed.

14. The allegations of Paragraph 14 of the Complaint are denied.

15. The allegations of Paragraph 15 of the Complaint are denied.

16. The allegations of Paragraph 16 of the Complaint are denied.

17. The allegations of Paragraph 17 of the Complaint are denied.

18. The allegations of Paragraph 18 of the Complaint are denied.

19. The allegations of Paragraph 19 of the Complaint are denied.

20. The allegations of Paragraph 20 of the Complaint are denied.

21. The allegations of Paragraph 21 of the Complaint are denied.

22. The allegations of Paragraph 22 of the Complaint are denied.

23. The allegations of Paragraph 23 of the Complaint are denied.

24. The allegations of Paragraph 24 of the Complaint are denied.

25. The allegations of Paragraph 25 of the Complaint are denied.

26. The allegations of Paragraph 26 of the Complaint are denied.

27. The allegations of Paragraph 27 of the Complaint are denied.

28. The allegations of Paragraph 28 of the Complaint are denied.

29. The allegations of Paragraph 29 of the Complaint are denied.

30. The allegations of Paragraph 30 of the Complaint are denied.

31. The allegations of Paragraph 31 of the Complaint are denied.

32. The allegations of Paragraph 32 of the Complaint are denied.

33. The allegations of Paragraph 33 of the Complaint are denied.

34. The allegations of Paragraph 34 of the Complaint are denied.

35. The allegations of Paragraph 35 of the Complaint are denied.

36. The allegations of Paragraph 36 of the Complaint are denied.

37. The allegations of Paragraph 37 of the Complaint are denied.

38. The allegations contained in Paragraph 38 of the Complaint do not require a response from Answering Defendant.

39. The allegations of Paragraph 39 of the Complaint are denied.

40. The allegations of Paragraph 40 of the Complaint are denied.

41. The allegations of Paragraph 41 of the Complaint are denied.

42. The allegations of Paragraph 42 of the Complaint do not require a response from Answering Defendant.

43. The allegations of Paragraph 43 of the Complaint are denied.

44. The allegations of Paragraph 44 of the Complaint are denied.

45. The allegations of Paragraph 45 of the Complaint do not require a response from Answering Defendant.

46. The allegations of Paragraph 46 of the Complaint are denied.

47. The allegations of Paragraph 47 of the Complaint are denied.

48. The allegations of Paragraph 48 of the Complaint are denied.

49. The allegations of Paragraph 49 of the Complaint are denied.

50. The allegations of Paragraph 50 of the Complaint are denied.

51. The allegations of Paragraph 51 of the Complaint are denied.

52. The allegations of Paragraph 52 of the Complaint are denied.

53. The allegations of Paragraph 53 of the Complaint are denied.

54. The allegations of Paragraph 54 of the Complaint are denied.

55. The allegations of Paragraph 55 of the Complaint are denied.

56. The allegations of Paragraph 56 of the Complaint are denied.

57. The allegations of Paragraph 57 of the Complaint do not require a response from Answering Defendant.

58. The allegations of Paragraph 58 of the Complaint are denied.

59. The allegations of Paragraph 59 of the Complaint are denied.

60. The allegations of Paragraph 60 of the Complaint are denied.

61. The allegations of Paragraph 61 of the Complaint are denied.

62. The allegations of Paragraph 62 of the Complaint do not require a response from Answering Defendant.

63. The allegations of Paragraph 63 of the Complaint are denied.

64. The allegations of Paragraph 64 of the Complaint are denied.

65. The allegations of Paragraph 65 of the Complaint are denied.

66. The allegations of Paragraph 66 of the Complaint do not require a response from Answering Defendant.

67. The allegations of Paragraph 67 of the Complaint are denied.

68. The allegations of Paragraph 68 of the Complaint are denied.

69. The allegations of Paragraph 69 of the Complaint are denied.

70. The allegations of Paragraph 70 of the Complaint are denied.

71. The allegations of Paragraph 71 of the Complaint do not require a response from Answering Defendant.

72. The allegations of Paragraph 72 of the Complaint are denied.

73. The allegations of Paragraph 73 of the Complaint are denied.

74. The allegations of Paragraph 74 of the Complaint are denied.

75. The allegations of Paragraph 75 of the Complaint are denied.

76. The allegations of Paragraph 76 of the Complaint are denied.

77. The allegations of Paragraph 77 of the Complaint are denied.

78. The allegations of Paragraph 78 of the Complaint are denied.

79. The allegations of Paragraph 79 of the Complaint are denied.

80. The allegations of Paragraph 80 of the Complaint are denied.

81. The allegations of Paragraph 81 of the Complaint are denied.

82. The allegations of Paragraph 82 of the Complaint are denied.

83. The allegations of Paragraph 83 of the Complaint are denied.

84. The allegations of Paragraph 84 of the Complaint are denied.

85. The allegations of Paragraph 85 of the Complaint are denied including subparagraphs a through d.

86. The allegations of Paragraph 86 of the Complaint are denied.

87. The allegations of Paragraph 87 of the Complaint are denied.

88. The allegations in paragraph beginning with "WHEREFORE" and ending with words "proper and equitable" of the Complaint are denied.

WHEREFORE, PREMISES CONSIDERED, Answering Defendant, Tomette Yates, requests that the Complaint against her be dismissed with prejudice and that all costs be assessed against the Plaintiffs.

Respectfully submitted, this the 23rd day of June, 2017.

                                                TOMETTE YATES, Defendant

                                                */s/ William A. Whitehead, Jr.*
                                                RICK NORTON, MSB #8741
                                                WILLIAM A. WHITEHEAD, JR. MSB #10152

BRYAN NELSON P.A.
P.O. BOX 18109
HATTIESBURG, MS 39404-8109
PHONE: 601-261-4100
FAX: 601-261-4106
rnorton@bnlawfirm.com
wwhitehead@bnlawfirm.com

## CERTIFICATE OF SERVICE

I, William A. Whitehead, Jr., of counsel for Defendants, hereby certify that I have this day mailed, postage pre-paid, by United States Mail, a true and correct copy of the above and foregoing Answer and Affirmative Defenses to:

Douglas L. Tynes, Jr., Esq.
Courtney P. Wilson, Esq.
Tynes Law Firm, P.A.
Post Office Box 966
Pascagoula, Mississippi 39568

*Attorneys for Plaintiff*

John S. Hooks, Esq.
Adams and Reese LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, Mississippi 39157
E-mail: john.hooks@arlaw.com

*Attorney for Defendant, Wayne County School District*

THIS, the 23rd day of June, A.D. 2017.

/s/ William A. Whitehead, Jr.
WILLIAM A. WHITEHEAD, JR. MSB#10152