IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **LETESSA RUSSELL, Individually, and as Natural Mother and Next Friend of N.R., A minor** | **PLAINTIFFS** |
| **VS.** | **CIVIL ACTION NO. 3:17CV154-TSL-LRA** |
| **WAYNE COUNTY SCHOOL DISTRICT, AND TOMETTE YATES, Individually; DENEIECE KELLAMS, Individually; and JOHN OR JANE DOES 1-10** | **DEFENDANTS** |

**Memorandum in Support of Wayne County School District Motion for
Summary Judgment for Failure to Exhaust Administrative Remedies**

Defendant Wayne County School District ("the District") files this Memorandum in Support of its Motion for Summary Judgment for Failure to Exhaust Administrative Remedies as follows:

**INTRODUCTION**

The Individuals with Disabilities Act ("IDEA") requires that certain, specific administrative remedies be exhausted before a claimant may file suit. This requirement extends not only to explicit IDEA claims, but to any claim that, in substance, seeks relief based on some alleged failure of a school district to provide a free and appropriate public education as required by the Act.

Here, by Plaintiff's own admission, she never sought or participated in the procedures required by the IDEA to exhaust administrative remedies. She did not ask for or receive a due process hearing, or pursue any appeal rights attendant to that procedure. Further, Plaintiff's non-

IDEA claims in this case center on Plaintiff's complaints about the provision of special educational services to her minor daughter, N.R.  While the facts are many, Plaintiff's own discovery responses confirm that all are related to the District's alleged failure to comply with N.R.'s IEP, her behavioral plan, and the IDEA's discipline requirements.  Using guidance from the Supreme Court, this Court must look past the labels Plaintiff assigns to her claims, and conclude that Plaintiff's case, in its entirety, is subject to the IDEA's exhaustion requirements. Because Plaintiff has not satisfied those requirements, her complaint against the District should be dismissed.

## FACTS AND BACKGROUND

Plaintiff Letessa Russell filed this lawsuit on behalf of herself and her minor daughter, N.R.  Named as Defendants are the Wayne County School District, former special education teacher, Deneiece Kellams ("Ms. Kellams"), and former assistant teacher and personal aide, Tomette Yates ("Ms. Yates").  At all times relevant to this action, N.R. was enrolled as a special education student in the Wayne County Schools.  N.R. has been diagnosed with several mental and physical disabilities, including autism spectrum disorder. The allegations of Plaintiff's Complaint center on purported deficiencies in and violations of N.R.'s Individualized Education Plan ("IEP").  *See* Dkt. No. 1.

Specifically, Plaintiff contends the District "engaged in a systemic failure with regard to N.R.'s education" and that her IEP "did not sufficiently identify her needs or provide a comprehensive design of services to address the multiple needs of N.R."  Exhibit "A" – Excerpts from Plaintiff's Responses to Interrogatories. The District, according to Plaintiff, "did not provide the appropriate level of related services to include occupational, physical, and psychological services as a part of N.R.'s IEP."  *Id*.  Plaintiff also claims that "[t]he development

of functional skills was neglected and there is no evidence the WCSD provided a meaningful educational benefit to N.R." *Id*. Further, she complains about the lack of data to support achievement of goals and progress over time and contends the District failed to comply with the IDEA's disciplinary and behavioral requirements regarding Functional Behavioral Assessments and Behavioral Intervention Plans. *Id*.

As a result of these alleged failures, Plaintiff asserts that N.R. did not receive a "free and appropriate public education" under the Individuals with Disabilities Act ("IDEA" or "the Act"). *Id*. Nor, Plaintiff alleges, was N.R. placed in the Least Restrictive Environment for her educational needs as required by the Act. *Id*. Ultimately, Plaintiff claims these deficiencies in N.R.'s IEP and special education services culminated in "abuse" by N.R.'s personal aide, Tomette Yates. *Id*. Both the District's failures and Yates's alleged abuse, by Plaintiff's own account, constitute actionable violations of the IDEA. *Id*.

Plaintiff's Complaint also asserts several other claims under non-IDEA statutes, the U.S. Constitution, and state common law. These include alleged violations of the ADA and Rehabilitation Act, negligence claims under the Mississippi Tort Claims Act, and causes of action against the District for violations of Plaintiff's and N.R.'s Substantive Due Process rights, a fourth amendment claim for excessive force against N.R., and failure to train or supervise Ms. Kellams and Ms. Yates under 42 U.S.C. § 1983. *See* Dkt No. 1. Despite their different titles, each of these claims arises from alleged inadequacies in N.R.'s special education at the District.

Prior to filing this action, however, Plaintiff admits she did not seek a due process hearing addressing the alleged inadequacies in any of N.R.'s IEPs at the Wayne County School District. Exhibit "B" – Excerpts from the Deposition of Letessa Russell at p. 278. While Plaintiff did file a state complaint with the Mississippi Department of Education concerning

certain elements of N.R.'s education at the District, that complaint is wholly different in purpose and scope from the due process requirements of the IDEA and, as will be shown below, is inadequate to exhaust her procedural remedies.

## LEGAL STANDARD

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party must "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this burden, the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *Id.* at 325. The nonmovant's burden is not satisfied "with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Baranowski v. Hart,* 486 F.3d 112, 119 (5th Cir. 2007). In the absence of proof, the court will not assume that the nonmoving party could or would prove the necessary facts. *See Lujan v. National Wildlife Federation*, 110 S. Ct. 3177, 3188 (1992).

## LAW AND ARGUMENT

**I.  Both Plaintiff's claims on behalf of N.R. and on her own behalf must be dismissed for failure to exhaust her administrative remedies under the Individuals with Disabilities Education Act ("IDEA")**

**A.  Plaintiff has not exhausted her administrative remedies respecting her IDEA and IDEA-related claims on N.R.'s behalf.**

Before filing a civil action seeking relief under the IDEA in state or federal court, a plaintiff must first exhaust the statute's administrative remedies. 20 U.S.C. § 1415(f)-(i); *see also* Miss. Code Ann. § 37-23-143. The statute requires that before filing suit, a claimant seeking relief under the IDEA must present a formal due process complaint to the school district relating

to the school's provision of a free and appropriate public education, or otherwise complaining about violations of the child's IEP or his or her rights under the IDEA. 20 U.S.C.S. § 1415(b)(6). After the complaint is served, an impartial due process hearing must be held, during which the parties have the right to counsel, the right to present evidence, and the right to confront, cross-examine, and compel the attendance of witnesses. *Id*. § 1415(h). Thereafter, the hearing officer must issue a written decision, from which either party may appeal to the state educational agency. *Id*. § 1415(f). Only then, if a party is aggrieved by the findings of the impartial due process hearing and/or appeal, may she file a civil action. *Id*. § 1415(i)(2).

Courts in this Circuit have repeatedly applied the above "procedural safeguards" strictly, holding that dismissal is appropriate where a party has failed to exhaust his administrative remedies under the IDEA. *See e.g., Gardner v. School Bd. Caddo Parish*, 958 F.2d 108, 111-12 (5th Cir. 1992); *Flores v. Sch. Bd.*, 116 Fed. Appx. 504, 511 (5th Cir. 2004); *M.L. v. Frisco Indep. Sch. Dist.*, 451 Fed. Appx. 424, 426-27 (5th Cir. 2011). This exhaustion requirement "serves a number of policy objectives: it allows deference to agency expertise in resolving educational matters; it gives the agency a first opportunity to correct errors, it presents courts with a more fully developed record; and it prevents parties from deliberately disregarding the statute's comprehensive procedures and remedies." *Sandifer v. Lumberton Pub. Sch. Dist.*, 2007 U.S. Dist. LEXIS 51382 (S.D.Miss. July 16, 2007) (quoting *Marc.V. v. North East Indep. Sch. Dist.*, 455 F. Supp. 2d 577, 592 (W.D. Tex. 2006)). Where—like here—Plaintiff has not adhered to the procedural safeguards set forth by the IDEA and applicable state law, these objectives cannot be effectively accomplished, and her claims must be dismissed.

Importantly, a plaintiff must also exhaust the IDEA's administrative remedies before filing claims under other laws, such as the ADA, the Rehabilitation Act of 1973, or the United

States Constitution, when seeking relief that is also available under the IDEA. 20 U.S.C.S. § 1415(l); *Honig v. Doe,* 484 U.S. 305, 327 (1988) (superseded on other grounds by 34 C.F.R. § 300.518(a)); *Gardner,* 958 F.2d at 111; *Pace v. Bogalusa City School Board,* 403 F.3d 272, 289-290 (5th Cir. 2005), *cert. denied,* 546 U.S. 933 (2005); *Newsome v. Miss. High Sch. Activities Ass'n*, 2008 U.S. Dist. LEXIS 53094, *4-5 (N.D. Miss. July 8, 2008). In *Newsome*, for instance, the plaintiffs asserted claims under the IDEA, the ADA, and constitutional claims under section 1983. *Newsome*, 2008 WL 2686579 at *1. They sought injunctive relief as well as monetary damages for mental anxiety and distress. *Id.* However, the court concluded that the IDEA was the "underlying basis of Plaintiffs' claims," and that exhaustion of the administrative remedies established under the statute was therefore required before filing a civil suit. *Id.* Similarly, in *Marc V*., the Court rejected Plaintiff's Section 1983, Rehabilitation Act, and ADA claims upon finding these were merely IDEA claims "repackag[ed] as claims under some other statute." 455 F. Supp. 2d at 592.

In determining whether a non-IDEA claim is nevertheless subject to the IDEA's exhaustion requirements, the Supreme Court has directed the lower courts to look "to the substance, or gravamen, of the plaintiff's complaint." *Fry v. Napoleon Cmty. Sch*., 137 S.Ct. 743, 752 (2017). To make this determination, the Court must first discern whether the complaint, in substance, seeks relief for the denial of a Free and Appropriate Public Education. *Id*. at 755. Here, Plaintiff explicitly seeks such relief, alleging that N.R. has not received a free and appropriate public education under the IDEA. Ex. A. Then, the Court must look past the labels of plaintiff's non-IDEA claims, and ask two hypothetical questions: (1) whether plaintiff's non-IDEA claims could have been brought if the setting was some facility that was *not* a school, and (2) whether an adult at the school could have pressed the same grievance. *Fry*, 137 S.Ct. at

756. If these questions are answered in the negative, the Complaint probably focuses on the provision of a free and appropriate education under the IDEA and administrative remedies must be exhausted. *Id.*

Here, as demonstrated by her Complaint and Discovery Responses, each and every one of Plaintiff's claims asserted on behalf of N.R.—including those related to Tomette Yates' alleged "abuse" of N.R.—arise under and are related to the provision of a Free and Appropriate Education under the IDEA:

- *Violation of Individuals with Disabilities Education Act*. As previously noted herein, Plaintiff's straightforward IDEA claim is plainly controlled by the administrative remedies in 20 U.S.C.S. § 1415. Her discovery responses make apparent that she is specifically seeking relief for the District's alleged failure to provide N.R. with a "free and appropriate public education." Ex. A. This claim should be dismissed for failure to exhaust administrative remedies.

- *Violation of Section 504 of the Rehabilitation Act*. In this claim, Plaintiff specifically alleges WCSD "excluded N.R. from an appropriate education comparable to that provided to other students without disabilities. Such exclusion and/or denial were solely by reason of N.R.'s disability…." Dkt. No. 1 at p.11. Looking to the *Fry* standard, this Court should conclude that an adult in the same setting could not have brought this grievance against the school. This claim pertains directly to Plaintiff's education and its gravamen is whether N.R. received a free and appropriate public education. It too should be dismissed.

- *Violation of the ADA – Discrimination – Etc*. Here, Plaintiff again alleges N.R. has inappropriately been excluded from the "services, programs, and/or activities of WCSD…by reasons of N.R.'s disability." Dkt. No. 1 at p. 12. This also refers to N.R.'s alleged exclusion from educational services and benefits. It arises from her education at the District and is therefore subject to the IDEA's administrative remedies.

- *Failure to Train and Supervise, 42 U.S.C. § 1983* – Plaintiff specifically casts Kellams's and Yates's alleged abuse of/failure to report abuse of N.R. as a result of the District's failure to appropriately train Kellams and Yates. Ex. A. By Plaintiff's own account, these specific failures "ensured that N.R. received no meaningful educational benefit" as guaranteed by the IDEA. *Id.* Plaintiff herself connects the alleged failure to train or supervise to the alleged deficiencies in N.R.'s free and appropriate public education. *Id.* As the gravamen of this claim is also based on the IDEA, it should be dismissed.

- *Fourth Amendment Excessive Force* and *Fourteenth Amendment Substantive Due Process* – Plaintiff's Fourth Amendment Excessive Force Claim stems entirely from the allegation that the District improperly employed *corporal punishment* against N.R. in the educational setting. Dkt. No. 1 at 6, 8-9. Indeed, the Complaint asserts the District had a policy and/or practice of administering corporal punishment to students without their parents or guardians' consent. *Id*. These allegations are directly related to the educational setting and could not, as Plaintiff asserts them, be made outside of a school setting under *Fry*. These claims, too, should be dismissed.

- *MTCA and Common Law* – This claim too stems directly and expressly from the District's alleged misapplication and breach of duty with respect to "corporal punishment" in the educational setting. Again, these claims could not be asserted outside the school setting by Plaintiff's own characterization. Accordingly, they should be dismissed.

It bears further emphasis that to the extent Plaintiff contends her "abuse" claims are not covered by the IDEA, Plaintiff is wrong. Plaintiff herself frames the issue of "abuse" in her Complaint as improper "corporal punishment" in the educational setting. Dkt. No. 1 at pp. 4, 5, 6, 7, 8, 9. A claim for undue or misapplied corporal punishment can neither be made outside the school setting, or by an adult, as outlined in *Fry*. Moreover, Plaintiff's own discovery responses connect this alleged abuse to the District's failure to confer a "meaningful educational benefit" on N.R. under the IDEA. Ex. A at 12. Specifically, she claims that "WCSD failed to appropriately train Ms. Kellams and Ms. Yates in regard to the use of appropriate disciplinary measures and mandatory reporting. These failures cumulatively ensured that N.R. received no meaningful educational benefit, lead to the incident that occurred on April 29, 2016, and allowed the continuation of N.R.'s physical abuse." *Id.* The term "meaningful educational benefit" is a term of art under the IDEA. *See e.g., Houston Indep. Sch. Dist v. Bobby R*., 200 F.3d 341, 347-48 (5th Cir. 2000); 20 U.S.C.S. § 1400, et seq. A plaintiff who asserts no such benefit was received necessarily alleges violations of the Act. *See id.* In sum, for the purposes of this lawsuit, Plaintiff intentionally ties Yates's alleged mistreatment of N.R. to the loss of a free and

appropriate public education at the District. Accordingly, claims based on N.R.'s alleged "abuse" are IDEA claims that should have been exhausted before the filing of this suit.

It is also important to note that Plaintiff cannot circumvent the IDEA's exhaustion requirement by seeking monetary damages. *Newsome*, 2008 WL 2686579 at *1; *see, e.g.*, *Payne v. Peninsula Sch. Dist.*, 653 F. 3d 863, 873-74 (9th Cir. 2011) (en banc) (noting that the First, Sixth, Seventh, Ninth, Tenth, and Eleventh Circuits all hold that a plaintiff cannot avoid IDEA exhaustion simply by seeking damages), *cert. denied*, 132 S.Ct. 1540 (2012); *Polera v. Bd. of Educ.*, 288 F.3d 478, 483-86 (2d Cir. 2002). The educational nature of the claim, rather than the plaintiff's demand, determines the applicable law and whether the exhaustion requirement applies. *Charlie F. v. Board of Educ. Of Skokie School Dist. 68*, 98 F.3d 989, 991-92 (7th Cir. 1996) ("the theory behind the grievance may activate the IDEA's process, even if the plaintiff wants a form of relief that the IDEA does not supply.")

For these reasons, each of the claims Plaintiff asserts on behalf of N.R. against the District should be dismissed without prejudice for failure to exhaust administrative remedies under the IDEA.

### B. Plaintiff also has not exhausted her administrative remedies for her own Fourteenth Amendment Substantive Due Process Claim.

In addition to constitutional claims brought by students, the exhaustion requirement also applies to related constitutional claims brought by parents. *M.T.V. v. DeKalb County School Dist.*, 446 F.3d at 1158-59. In *M.T.V*, the parents and the student claimed the school district and various individual defendants retaliated against them for "'advocating for their son's legal rights to receive an appropriate education and be free from discrimination based solely upon his disabilities.'" *Id*. at 1157. The parents claimed "the School District harassed them at IEP meetings, wrote them intimidating letters in response to their educational demands, and subjected

M.T.V. to needless and intrusive testing." *Id.* They brought claims under the IDEA, Section 504, § 1983, and the First Amendment. *Id.*

The parents, however, struggled against the exhaustion requirement, arguing they were excused from exhausting administrative remedies because the IDEA did not give parents a right to file actions for retaliation against them. *Id.* But the parents' claims were not differentiated from the IDEA claims: "The IDEA's broad complaint provision affords the opportunity to present complaints with respect to *any* matter *relating* to the identification, evaluation, or educational placement of the child, or the provision of a FAPE to such child." *Id.* at 1158 (citing 20 U.S.C. 1415(b)(6)) (emphasis in original). Because their retaliation claims related to their child's evaluation and education, they were subject to the exhaustion requirement. *Id.* at 1158-59 (citing *Weber v. Cranston Sch. Comm.*, 212 F.3d 41, 51 (1st Cir. 2000); *Rose v. Yeaw*, 214 F.3d 206, 210 (1st Cir. 2000)).

Likewise, Plaintiff's individual claim here (for violation of her substantive due process rights under the Fourteenth Amendment) is based on an issue—the administration of corporal punishment—that could and should have been addressed in a due process hearing on N.R.'s IEP. It is Plaintiff's *own* theory of the case that the District's alleged use of "corporal punishment" is improper discipline under the terms of N.R.'s IEP and the IDEA. *See e.g.*, Dkt No. 1 and Ex. A. Plaintiff's Fourteenth Amendment claim is thus subject to the IDEA's exhaustion requirement and must be dismissed.

### C. Plaintiff's complaint to the Mississippi Department of Education concerning N.R.'s IEP for the 2014-15 school year did not exhaust her administrative remedies under the IDEA.

To the extent Plaintiff contends her MDE Complaint, filed against the District in 2015 exhausted her administrative remedies, she is incorrect. The "formal state complaint" procedure

is separate and apart from the due process procedures required to satisfy the exhaustion requirement of the IDEA.  Specifically, to resolve disputes arising out of the implementation of IDEA requirements, a complainant has two "separate, distinct, and independent remedies" available: (1) the impartial due process hearing procedure ("due process procedure") as set forth at 34 C.F.R. § 300.501 - 300.518; and (2) the state complaint resolution procedure ("state complaint procedure") as set forth at 34 C.F.R. §§ 300.151-300.153; *see also Megan C. v. Independent Sch. Dist. No. 625,* 57 F.Supp.2d 776, 780-781 (D.Minn.1999) (discussing in detail the differences between the two procedures). The IDEA "requires exhaustion of the due process hearing procedures prior to filing for judicial review, while the state complaint procedure, being 'different in purpose, scope and procedure,' **is insufficient to satisfy the exhaustion requirement**." *J.M.C. & M.E.C.. v. La. Bd. of Elem. & Secondary Educ.*, 562 F. Supp. 2d 748, 756 (M.D. La. 2008) (emphasis added) (quoting *Megan C.,* 57 F.Supp. at 790 (*citing Ass'n. for Comm. Living in Colorado v. Romer,* 992 F.2d 1040, 1045 (10th Cir. 1993); *Richards v. Fairfax County Sch. Bd.,* 798 F.Supp. 338, 342 (E.D.Va. 1992); *Christopher W. v. Portsmouth School Committee,* 877 F.2d 1089, 1095 (1st Cir. 1989)).

In any event, even if the MDE Complaint was legally sufficient to exhaust Plaintiff's administrative remedies (it is not), it would not be adequate to fulfill the purposes and goals of a due process hearing.  There is no record of testimony (including cross-examination of witnesses), evidence, or the decision of an impartial hearing officer for the Court to review in considering Plaintiff's claims.  As this Court noted in *Sandifer*, these items are critical to achieving the policy objectives of the IDEA's exhaustion requirement. 2007 U.S. Dist. LEXIS 51382.  Because Plaintiff has not engaged in the proper due process procedures, her claim should be dismissed.

## **CONCLUSION**

All of Plaintiff and N.R.'s alleged injuries stem from rights and benefits guaranteed to N.R. under the IDEA and are connected to the provision of special education services and a free and appropriate public education.  Plaintiff may not avoid the exhaustion requirement by repackaging her IDEA claims under other civil rights statutes and praying for monetary damages.  Plaintiff's discovery responses confirm her claims are entirely related to her belief that N.R.'s IEP was inadequate, that the District's behavioral services were deficient, and that N.R.'s alleged abuse—also called "corporal punishment"—constitutes a violation of the IDEA.  These claims are, therefore, subject to the exhaustion requirement of the IDEA.  Accordingly, the District respectfully requests that these claims be dismissed for Plaintiff's failure to exhaust her administrative remedies.

Respectfully submitted, this 5th day of March, 2018.

**Wayne County School District**


/s/  *Lindsey O. Watson*

OF COUNSEL:

John S. Hooks
Mississippi Bar No. 99175
Lindsey O. Watson
Mississippi Bar No. 103329
Adams and Reese LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, Mississippi 39157
Telephone:  601.353.3234
Facsimile:  601.355.9708
E-mail:john.hooks@arlaw.com
         lindsey.watson@arlaw.com

## **CERTIFICATE OF SERVICE**

   I, Lindsey O. Watson, hereby certify that I have this day filed a true and correct copy of the above document with the Clerk of the Court using the CM/ECF System, which caused notice of filing to be served on all registered counsel of record.

   Dated: March 5, 2018.

                     */s/ Lindsey O. Watson*