IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| LETESSA RUSSELL, Individually,<br>And as Natural Mother and Next Friend of<br>N.R., a Minor | **PLAINTIFFS** |
| VERSUS | **CIVIL ACTION NO. 3:17cv154 TSL-LRA** |
| WAYNE COUNTY SCHOOL DISTRICT<br>AND TOMETTE YATES, Individually;<br>DENEIECE KELLAMS, Individually; and<br>JOHN OR JANE DOES 1-10 | **DEFENDANTS** |

**DEFENDANT DENEIECE KELLAMS' MEMORANDUM
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND INCORPORATED
ITEMIZATION OF UNDISPUTED FACTS**

COMES NOW, Defendant, Deneiece Kellams, by and through her counsel of record, and pursuant to M.R.C.P. 56 files this, her Memorandum in Support of Motion for Summary Judgment as follows:

### I. INTRODUCTION

Letessa Russell, Plaintiff, is the parent of N.R., a minor, having significant learning and developmental disabilities, most notably an Autism Spectrum Disorder. At all times relevant, N.R. was provided education by the Wayne County School District ("WCSD") at Waynesboro Elementary School through the Special Education Department. [Doc. 01, ¶11]. At all relevant times, the Defendant, Deneiece Kellams, ("Ms. Kellams") interacted with the Plaintiff and/or Ms. Kellams and N.R. solely as a result of Ms. Kellams' employment as a Special Education teacher for the WCSD. *Id.* at ¶

Plaintiff has testified, and the allegations in her Complaint support, that her sole basis for suing Ms. Kellams, individually, is Plaintiff's unsupported belief that Ms. Kellams knew of alleged physical "abuse" and failed to timely report it. **Exhibit A**, *Plaintiff's Deposition*, p. 75,

lines 17-25. This allegation does not squarely fit within the causes of action alleged, but regardless and as explained in detail herein, there is no genuine dispute that will allow this claim to proceed.

Furthermore, Plaintiff's Complaint asserts eight claims as the basis for her right to recovery from the named defendants, though only three of those eight claims arguably assert liability for any alleged action or inaction on the part of Ms. Kellams. [Doc. 01]. These claims are broken down in Plaintiff's own Complaint:

- Claim One: Fourteenth Amendment Substantive Due Process – No allegations against Kellams.

- Claim Two: Fourth Amendment Excessive Force – No allegations against Kellams.

- Claim Three: Fourteenth Amendment Substantive Due Process – No allegations against Kellams.

- Claim Four: MTCA and Common Law – Contains allegations against Ms. Kellams.

- Claim Five: Violation of Section 504 of the Rehabilitation Act – Contains allegations against Ms. Kellams.

- Claim Six: Violation of the Individuals with Disabilities Education Act – Contains allegations against Ms. Kellams.

- Claim Seven: Violation of the ADA – No allegations against Kellams.

- Claim Eight: Failure to Train and Supervise, 42 U.S.C. § 1983 – No allegations against Kellams.

As explained in more detail herein, all allegations against Kellams are ripe for summary judgment.

## II. UNDISPUTED FACTS

The impetus for this action is the alleged "abuse" of N.R. that occurred on or about April 26, 2016, when Plaintiff claims that Ms. Yates hit N.R. on the arm with a stick or paint stirrer at school, leaving bruises on N.R. [Doc. 01, ¶¶13-15]. Deposition testimony of both the Plaintiff

and Ms. Kellams supports that Ms. Kellams did not see any physical contact take place. **Exhibit A**, *Plaintiff's Deposition*, p. 76, lines 22-25; see also **Exhibit B**, *Kellams' Deposition*, p. 158. On Friday afternoon before the buses loaded, Ms. Yates came to Ms. Kellams and told Ms. Kellams of marks on N.R.'s arm that Ms. Yates believed were the result of Ms. Yates using the paint stick on N.R.'s arm earlier in the day when Ms. Yates and N.R. were alone in the classroom together. **Exhibit B**, *Kellams' Deposition,* pp. 158, line 22-p. 159 line 2. Ms. Kellams had not independently seen any markings on N.R. before Ms. Yates informed her of the physical contact. *Id.* at p. 156, lines 9-11. Ms. Kellams took photos of N.R.'s arm on the date of the incident for the purpose of showing those photos to Tina Harrison, WCSD Special Education Director. *Id.* at p. 132.

On Monday morning, Ms. Kellams met with the Plaintiff and explained the facts she gathered occurred at school that Friday. *Id.* at 136. Immediately following her conversation with the Plaintiff, Ms. Kellams reported the instance to school authorities, including Tina Harrison. *Id.* at p. 164*;* see also, **Exhibit A**, *Plaintiff's Deposition,* p. 104, lines 11-14. Ms. Kellams wrote a statement about the alleged incident on May 2, 2016. **Exhibit B**, *Kellams' Deposition* at p. 164. Ms. Yates' employment was subsequently terminated, and Ms. Kellams was suspended. Ultimately, Ms. Kellams was asked to, and did, resign. *Id.* at p. 166-7.[1]

Plaintiff's Complaint alleges that as early as August 2012, teaching assistant, Ms. Yates inflicted physical "abuse" on N.R. while acting as her special assistant at school, during school hours, and on school premises. *Id.* at ¶¶13-14. Plaintiff does not allege that Ms. Kellams was present for or actually witnessed N.R. being abused at any point in time. **Exhibit A**, *Plaintiff's*

---

[1] Deposition testimony of Robert L. Jones, III establishes that Ms. Kellams was asked to resign due to failure to follow the chain of command in reporting the April 2016 incident to her superior. "If she knew what she says she knew, she [the Plaintiff] says she knew, she should have reported it to the principal or SPED director or to me." **Exhibit C**, *Jones' Deposition*, p. 37, lines 19-25-p. 38, line 1.

*Deposition,* p. 54, lines 3-11; see also*,* p. 76, lines 12-25; **Exhibit B**, *Kellams' Deposition,* p. 158. It is undisputed that Ms. Kellams did not physically "abuse" N.R. in any way. **Exhibit A**, *Plaintiff's Deposition,* p. 81, lines 20-23.

Though Plaintiff's Complaint alleges that "abuse" of N.R. began as early as August 2012, she has provided little factual description and no evidence supporting contact by Yates before the April, 2016 incident. In her deposition, Plaintiff speculates as to the source of certain scratches or bruises found on N.R. before April 2016, but Plaintiff readily admits that the school informed her and discipline reports support that another student caused those injuries to N.R. **Exhibit A**, *Plaintiff's Deposition,* pp. 55-64. Plaintiff testified that she inferred a history of "abuse" by Ms. Yates on her own, following her recollection of the conversation with Ms. Kellams on May 2, 2016. **Exhibit A**, *Plaintiff's Deposition,* pp. 142-144.

Ms. Kellams reported the only instance of physical contact she had knowledge of to school authorities on May 2, 2016, the Monday following the Friday on which that contact allegedly occurred. **Exhibit A**, *Plaintiff's Deposition*, p. 81, line 24-p. 82, line 18. It is further undisputed that the three day delay in Ms. Kellams reporting of the alleged abuse did not cause N.R. any harm and that Ms. Kellams never intended to cause any harm to N.R. *Id*. at, p. 82, line 24-p. 83, line 8. Plaintiff has failed to produce any evidence whatsoever that Ms. Kellams was aware of any alleged "abuse" prior to the April 29, 2016 incident.

### III.   LEGAL STANDARD

Summary judgment shall be granted if the movant demonstrates that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ.P. 56(c); see also, *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 327 (1986). "If the movant succeeds in making that showing, the nonmoving party must set forth specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in pleadings. See Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 256-57 (1986). Evidence and the inferences to be drawn therefrom will be reviewed in the light most favorable to the non-moving party. See *Lemelle v. Universal Mfg. Corp*., 18 F. 3d 1268, 1272 (5th Cir. 1993).

## IV. ARGUMENT

### A. "Reporting" Claim Under State Law

Although it does not fit squarely into the claims alleged in the Complaint[2], the general allegation against Ms. Kellams is an alleged failure to report known "abuse" to N.R. as required by state law. This allegation is found in paragraph 28 of the "Facts" section which provides as follows:

> At all times herein, the Defendant, Deneice Kellams, acted under color of State law, within the course and scope of her employment, with deliberate indifference and reckless disregard to the Plaintiff's federally protected rights, with gross negligence, and negligence per se evidencing a willful, wonton, or reckless disregard for the Plaintiff's rights under Mississippi law.

*Id*. at ¶28.

Ms. Kellams submits that this claim should be dismissed pursuant to the discretionary function immunity because no genuine issues of material fact remain, and the reasonable cause determination incumbent upon an individual with a duty to report physical contact under the state Mandatory Reporting statute is a discretionary function of employment as a teacher. Section 11-46-9(1)(d) of the Mississippi Code states that:

> [a] governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim..[b]ased upon the

---

[2] Though the heading of Claim 4 of Plaintiff's Complaint is titled "MTCA and Common Law," no state law claims are actually alleged against Kellams within that section. [Doc. 01].

> exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused.

"A duty is discretionary when it is not imposed by law and depends upon the judgment or choice of the government entity or its employee." *Miss. Transp. Comm'n v. Montgomery*, 80 So. 3d 789, 795 (Miss. 2012). However, "[a] duty is ministerial if it is positively imposed by law and required to be performed at a specific time and place, removing an officer's or entity's choice or judgment." *Id.*

The Mississippi Supreme Court has explained that courts are to utilize a two-part public-function analysis in order to determine whether governmental conduct is discretionary in nature. *R.S. v. Starkville Sch. Dist.*, 2013 U.S. Dist. LEXIS 134264 (N.D. Miss. Sep. 19, 2013)(citing *Miss. Transp. Comm'n v. Montgomery*, 80 So. 3d 789, 795 (Miss. 2012)). This two-part analysis requires the Court to initially determine "whether the activity in question involved an element of choice or judgment." *Id.* If so, the Court must then determine "whether that choice or judgment involved social, economic, or political-policy considerations." *Id.* The Mandatory Reporting statute at Miss. Code. Ann §43-21-353 provides:

> Any…public or private school employee or any other person *having reasonable cause* to suspect that a child is a neglected child or an abused child, shall cause an oral report to be made immediately by telephone or otherwise and followed as soon thereafter as possible by a report in writing to the Department of Human Services….

(Emphasis added).

Here, Ms. Kellams used her discretion and made the appropriate decision to report the alleged contact once she weighed the facts, applied her judgment, and determined that the facts were sufficient to support her reporting to school officials. In one school case similarly turning on the timeliness of reporting of suspected abuse of a student, the Mississippi Supreme Court

held that "while a duty to investigate was of a ministerial nature, the next step of deciding whether reasonable cause existed to report the incident was inarguably one which required personal discretion." *T.M. v. Noblitt*, 650 So. 2d 1340, 1345 (Miss. 1995). It is undisputed that pursuant to the Mandatory Reporting laws, Ms. Kellams investigated, took pictures, and gathered facts. **Exhibit B**, *Kellams' Deposition*, p. 132. Ms. Kellams then had to use her own judgment about the facts and her knowledge of Ms. Yates to make a reasonable cause determination.

Ms. Kellams testified in her deposition that she doesn't believe Ms. Yates abused N.R. *Id*. at p. 162, lines 3-5. Ms. Kellams took the facts presented to her on that Friday afternoon and used the weekend to make a discretionary, reasonable cause determination that the facts as she knew them at the time did not rise to the level of suspected abuse. It is undisputed that no injury occurred to N.R. during the two days Ms. Kellams considered reasonable cause. **Exhibit A**, *Plaintiff's Deposition,* p. 82, line 24-p. 83, line 83. No fact questions necessary for this Court's analysis of Ms. Kellams entitlement to immunity under Miss. Code Ann. §11-46-9(1)(d) remain. For the reasons stated below, Ms. Kellams is entitled to summary judgment as a matter of law on this claim.

Because Ms. Kellams determined that she did not have reasonable cause to believe N.R. was being abused, as a matter of law, Ms. Kellams did not then have a ministerial duty to immediately report. According to Miss. Code Ann. §11-46-9(1)(d), even if this Court finds that Ms. Kellams' determination that there was no reasonable cause to suspect abuse was incorrect, Ms. Kellams is still entitled to immunity. *Id*. Ms. Kellams is entitled to immunity "whether or not the discretion be abused." Miss. Code Ann. §11-46-9(1)(d). The statute does not require Ms. Kellams to make the <u>correct</u> discretionary determination. It simply requires that the determination she made is shown to be one which is discretionary in nature. *Id*. Because the

Mississippi Supreme Court has found that a reasonable cause determination about potentially suspected abuse is a discretionary action, Ms. Kellams is entitled to immunity. *Id*; see also *Noblitt*, 650 So. 2d 1345.

Because no factual or legal questions remain concerning Ms. Kellams' actions with regard to the Mandatory Reporting laws enumerated in Miss. Code Ann. §43-21-353 and because Ms. Kellams is entitled to immunity as a matter of law pursuant to Miss. Code Ann. §11-46-9(1)(d), this Court should grant summary judgment as to Claim Four.

    **B.**    **Claim One – <u>Fourteenth Amendment Substantive Due Process</u>**

Claim One of Plaintiff's Complaint does not contain any allegations against Ms. Kellams. Therefore, Ms. Kellams moves that Plaintiff's Complaint be dismissed against her as to Count One. However, even if the allegations of Claim One included a reference to Ms. Kellams, Ms. Kellams would be entitled to judgment as a matter of law for the same.

Plaintiff's Fourteenth Amendment Substantive Due Process claim against other named defendants asserts that Plaintiff and N.R.'s liberty interest was violated by the administration of corporal punishment to N.R. without her consent and in contravention of Plaintiff's right as N.R.'s mother to direct the education and upbringing of N.R. [Doc. 01, ¶¶39-41] The Fifth Circuit has determined that corporal punishment in public schools "is a deprivation of substantive due process when it is arbitrary, capricious, or wholly unrelated to the legitimate state goal of maintaining an atmosphere conducive to learning." *Woodard v. Los Fresnos Ind. School Dist.*, 732 F.2d 1243, 1246 (5th Cir. 1984). Plaintiff has not alleged that Ms. Kellams administered corporal punishment, abused, or made any other inappropriate physical contact with N.R. at any point in time. **Exhibit A**, *Plaintiff's Deposition*, p. 52, lines 12-16. As there is

no allegation or evidence that Ms. Kellams inappropriately administered corporal punishment to N.R., this Court cannot complete an arbitrary, capricious, state goal analysis for Ms. Kellams.

Further, it is undisputed that Ms. Kellams was not present when any alleged physical contact took place. *Id*. at p. 76, lines 22-24. Ms. Kellams was not aware of the events of April 26, 2016, until well after contact allegedly occurred when Ms. Yates approached Ms. Kellams to inform her what transpired. **Exhibit B**, *Kellams' Deposition*, p. 158. Accordingly, no genuine issues of material fact remain about Ms. Kellams with regard to alleged violations Plaintiff's or N.R.'s due process rights under the Fourteenth Amendment. Therefore, summary judgment is appropriate as a matter of law.

### C. Claim Two – Fourth Amendment Excessive Force

Claim Two of Plaintiff's Complaint does not contain an allegation against Ms. Kellams. Therefore, Ms. Kellams moves that Plaintiff's Complaint be dismissed against her as to Count Two. However, even if the allegations of Claim Two included a reference to Ms. Kellams, Ms. Kellams would be entitled to judgment as a matter of law for the same.

Plaintiff's Fourth Amendment Excessive Force claim against other named Defendants asserts that the use of force by Ms. Yates was objectively unreasonable and that the use of the same violated Plaintiff's and N.R.'s rights to be free from unreasonable seizure through use of such excessive force. [Doc. 01, ¶¶42-44] To show excessive force in violation of the Fourth Amendment, "a plaintiff must establish: (1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Harris v. Serpas*, 745 F.3d 767, 772 (5th Cir. 2014)(citations omitted). It is undisputed that Ms. Kellams never made any inappropriate physical contact with or unreasonably seized N.R. **Exhibit A**, *Plaintiff's Deposition*, p. 52, lines 12-16. Further, it is

undisputed that Ms. Kellams was not present when any alleged physical contact took place. *Id*. at p. 76, lines 22-24. It is undisputed that neither Plaintiff, nor N.R. sustained any injury due to the action or inaction of Ms. Kellams.[3] Accordingly, no genuine issues of material fact exist because Ms. Kellams did not violate Plaintiff's or N.R.'s rights under the Fourth Amendment. Therefore, summary judgment is appropriate as a matter of law.

**D.     Claim Three – Fourteenth Amendment Substantive Due Process**

Claim Three of Plaintiff's Complaint does not contain an allegation against Ms. Kellams. Therefore, Ms. Kellams moves that Plaintiff's Complaint be dismissed against her as to Count Three. However, even if the allegations of Claim Three included a reference to Ms. Kellams, Ms. Kellams would be entitled to judgment as a matter of law for the same.

Plaintiff's Fourteenth Amendment Substantive Due Process claim against other named Defendants asserts that those defendants violated Plaintiff's and N.R.'s right to be free from use of force that is arbitrary, capricious, and not related to the legitimate state goal of maintaining an atmosphere conducive to learning. [Doc. 01, ¶¶45-48]

The Fifth Circuit has held that "[t]he right to be free of state-occasioned damage to a person's bodily integrity is protected by the fourteenth amendment guarantee of due process." *Shillingford v. Holmes*, 634 F.2d 263, 265 (5th Cir. 1981). However, a violation occurs only when the alleged conduct "can be properly characterized as arbitrary, or conscience shocking, in a constitutional sense." *Chestang v. Alcorn State Univ*., 820 F. Supp. 2d 772, 779 (S.D. Miss. 2011)(quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 847, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998)).

---

[3] Plaintiff testified that the only reason she sued Ms. Kellams is because she believes Ms. Kellams knew of "abuse" and did not timely report it. Additionally, Plaintiff testified that no harm or injury occurred to N.R. as a result of Ms. Kellams waiting from Friday afternoon through the following Monday morning to report the contact between Ms. Yates and N.R. **Exhibit A**, *Plaintiff's Deposition*, p. 76, lines 1-4; see also, p. 82, line 24-p. 83, line 8.

Again, it is undisputed that Ms. Kellams never made any inappropriate physical contact with N.R. **Exhibit A**, *Plaintiff's Deposition*, p. 52, lines 12-16. It is also undisputed that Ms. Kellams was not present when any alleged physical contact took place and had no part in a determination by Ms. Yates to make physical contact with N.R. *Id*. at p. 76, lines 22-24. It is undisputed that neither Plaintiff, nor N.R. sustained any injury due to the action or inaction of Ms. Kellams. **Exhibit A**, *Plaintiff's Deposition,* p. 82, line 24-p. 83, line 83. Accordingly, no genuine issues of material fact exist because Ms. Kellams did not violate Plaintiff's or N.R.'s due process rights under the Fourteenth Amendment. Therefore, summary judgment is appropriate as a matter of law.

### E. Claim Four – MTCA and Common Law

Though titled "MTCA and Common Law," in the paragraphs under Claim Four applying to Ms. Kellams, Plaintiff assert that Ms. Kellams "had actual knowledge of the conspiracies to deprive Plaintiff and N.R. of their rights protected under 42 U.S.C. 1985 and that she had the power and opportunity to prevent the violations from occurring;" that she violated 42 U.S.C. 1985 by entering into a conspiracy to deprive N.R. of her rights; and that such a conspiracy violates 42 U.S.C. 1986. [Doc. 01, ¶¶52-56][4] Claim Four also contains an allegation that the unspecified "Defendants" alleged conspiratory acts "deprived Plaintiffs of rights guaranteed to them under the Fourth and Fourteenth Amendments to the United States Constitution." *Id*. at. ¶54.

#### 1. Heightened Pleading Standard

Plaintiff's claims against Ms. Kellams under the heading "Claim Four" of her Complaint fail to satisfy the heightened pleading standard and should be dismissed.

---

[4] Kellams has asserted qualified immunity for these claims. To the extent qualified immunity is not appropriate, summary judgment remains appropriate.

The mere allegation of a conspiracy is not sufficient. *Anderson*, 184 F.3d at 443. "Plaintiffs who assert conspiracy claims under civil rights statutes must plead the operative facts upon which their claim is based…bald allegations that a conspiracy existed are insufficient." *Lynch*, 810 F.2d at 1369-70; see also *Young v. Biggers*, 938 F.2d 565, 569 & n.6 (5th Cir. 1991)(holding that the plaintiff failed to allege any operative facts because the complaint lacked any specific allegations connecting the defendants to a conspiracy). Conclusory charges unsupported by specific factual allegations are not sufficient to support an alleged constitutional claim. *Knatt v. Hospital Service Dist. No. 1,* 289 F. App'x 22, 33 (5th Cir. 2008).

The Fifth Circuit has held that "[t]o state a claim under § 1985(3), a plaintiff must allege facts demonstrating (1) a conspiracy; (2) for the purpose of depriving a person of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or a deprivation of any right or privilege of a citizen of the United States." *Lockett v. New Orleans City*, 607 F.3d 992, 1002 (5th Cir. 2010)(citing *Hilliard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994)). In addition, "a violation under §1985 requires class-based, individually discriminatory animus behind the conspirator's action." *Moffett v. Bryant*, 751 F.3d 323, 326 (5th Cir. 2014) (quotation omitted).

In *Williams v. Barbour*, plaintiffs alleged a conspiracy to deprive a private construction company its right to bid on a construction contract on the basis of the race of individuals in the company. *Williams v. Barbour*, 2009 U.S. Dist. LEXIS 98114 (S.D. Miss. Oct. 2, 2009). The *Williams* plaintiffs alleged conspiracy between then Governor Barbour, Toyota, and L&T Construction president, Leonard Harris. *Id*. at *6-11. Plaintiff's Complaint in *Williams* specified not only the individuals involved, but also provided several facts about an alleged conspiracy. *Id*. Specifically, it included that some or all of the governmental defendants lured Toyota to

Mississippi, that L&T construction aided in the then governor's campaign, that L&T Construction was comprised of white individuals, and that L&T Construction was not qualified to perform the work sought by Toyota. *Id*. at *8-9. In spite of these facts included in the Complaint, the Mississippi Southern District Court opined that, "separating the conclusory allegations from those deserving the presumption of truthfulness, the Amended Complaint fails to state what, if anything, any of the individual defendants said or did to perpetuate the alleged conspiracy." *Id*. Continuing, the Court in *Williams* stated:

> The factual allegations merely suggest that Harris thought he had a strong relationship with Defendant Barbour and that state Defendants had business dealings with Toyota. Plaintiff's averments fail to demonstrate with 'factual detail and particularity' how the individual defendants were involved in Toyota's bidding decisions.

*Id*. citing Anderson, 184 F. 3d at 443.

Here, Plaintiff's Complaint contains no factual allegations whatsoever supporting or even suggesting a conspiracy among the Defendants. Absent in Plaintiff's Complaint is anything allegedly "said or done to perpetuate the conspiracy." *Id*. None of Plaintiff's deposition testimony, nor any evidence produced in discovery supports that any of the Defendants in this action colluded, in any manner, to deprive N.R. of any right whatsoever. Plaintiff's Complaint is insufficient on its face to support the claims in "Claim Four." As in *Williams*, at best, Plaintiff's allegations suggest the Defendants merely work together and are all involved in the care and education of N.R. Plaintiff's Complaint cannot satisfy the requirements of *Lockett*, as no act in furtherance of conspiracy is plead, and no facts supporting that any action with regard to N.R. was taken in a purposeful effort to deprive N.R. of any right. 607 F.3d at 1002.

Plaintiff's Complaint provides less facts supporting a conspiracy than the plaintiffs presented in *Williams*. Plaintiff points this Court to no evidence of conspiracy, no action,

documentation, alleged conversations, or even an inference that any of the named Defendants was aware of or intended to violate N.R.'s rights at any point in time. It is plain that Plaintiff's mere allegations of conspiracy, without any supporting factual details or allegations, are wholly insufficient to satisfy the heightened pleading standard. Therefore, Ms. Kellams respectfully requests Plaintiff's claims asserted against her under the heading "Claim Four" be dismissed.

### 2. Intracorporate Conspiracy Doctrine

Plaintiff's conspiracy claims fail as a matter of law in accordance with the intracorporate conspiracy doctrine. The Fifth Circuit has determined that the intracorporate conspiracy doctrine is applicable in cases arising under 42 U.S.C. § 1985(3); see *Hilliard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994)(finding that "a school board and its employees constitute a single legal entity which is incapable of conspiring with itself for purposes of § 1985(3)"). Plaintiff alleges that Ms. Kellams, along with other teachers and the WCSD conspired to deprive N.R. and the Plaintiff of their constitutional rights. Precedent dictates that the Defendants here cannot be construed to enter into a conspiracy for purposes of the 42 U.S.C. 1985 claims alleged by the Plaintiff. There is no dispute that Ms. Kellams and Ms. Yates were employees of the WCSD at all times relevant. Therefore, summary judgment is proper.

### 3. Other Claims Asserted Under Claim Four

Under Claim Four, the only allegations against Ms. Kellams are found in paragraphs 52, 53, 54, and 55. Those paragraphs allege Ms. Kellams acted in conspiracy with the other Defendants to deprive the Plaintiff and N.R. of their rights under 42 U.S.C. §1985 and the Fourth and Fourteenth Amendments to the United States Constitution, respectively. [Doc. 01] As detailed in *subsection 1* above, the allegations contained in those paragraphs fail to meet the heightened pleading standard and should be dismissed for that reason.

The remaining paragraphs of Claim Four fail to include any reference to Ms. Kellams whatsoever and, rather, specifically name other Defendants. *Id*. Therefore, Ms. Kellams moves that Plaintiff's Complaint be dismissed against her as to those remaining paragraphs of Claim Four.[5]

However, even if the paragraphs of Claim Four not addressing Ms. Kellams contained allegations against Ms. Kellams, the same should be dismissed on summary judgment as no fact questions remain and the claims fail as a matter of law.

### F.     Claim Five – Violation of Section 504 of the Rehabilitation Act

Plaintiff's claims against Ms. Kellams under Section 504 of the Rehabilitation Act are appropriate for summary judgment because no fact issues remain, and Plaintiff's claims fail as a matter of law.

In Claim Five of the Complaint, Plaintiff alleges that the Defendants are liable for violations of Section 504 of the Rehabilitation Act because their actions excluded N.R. from an appropriate education comparable to that provided to other students without disabilities. [Doc. 01, ¶¶57-61] Plaintiff's claims against Ms. Kellams under the Rehabilitation Act fail as a matter of law because clear Fifth Circuit precedent dictates that the Rehabilitation Act does not provide for individual liability. *Lollar v. Baker*, 196 F.3d 603, 609 (5th Cir. 1999) (citing 29 U.S.C. §794); see also, *R.S. v. Starkville Sch. Dist.*, 2013 U.S. Distr. LEXIS 134264, at *28 (N.D. Miss. Sep. 19, 2013); *Tristan v. Socorro Indep. Sch. Dist.*, 902 F. Supp. 2d 870 (W.D. Tex. 2012) ("[N]either the IDEA nor Section 504, however, provides a cause of action against a school official sued in his individual capacity."); *L.F. v. Hous. Indep. Sch. Dist.*, 2012 U.S. Dist. LEXIS 193031, at *16 (S.D. Tex. June 21, 2012)("Because IDEA and Section 504 are intended to prevent discrimination by public agencies rather than discrimination by officials in their

---
[5] Namely, ¶¶49-51 and 56 [Doc. 01].

individual capacities, Defendants are immune from personal liability under IDEA and Section 504.").

Paragraph 4 of Plaintiff's Complaint clearly states that "[s]aid Deneiece Kellams is made a defendant herein individually." Because no fact issue remains as to whether Plaintiff sued Ms. Kellams in her individual capacity and because there is no individual liability under the IDEA, this Court should grant Ms. Kellams' Motion for Summary Judgment.

### G. Claim Six - Violation of the Individuals with Disabilities Education Act

Similar to Plaintiff's claims under the Rehabilitation Act, Plaintiff's Claims against Ms. Kellams are appropriate for summary judgment because no fact issues remain and the claim fails as a matter of law.

Under Claim Six, Plaintiff alleges that Ms. Kellams and the other Defendants are liable under the IDEA because they violated the N.R.'s IEP, "the policies, procedure, rules and regulations of the WCSD, the State of Mississippi, and the United States. [Doc. 01, ¶62-65] Plaintiff's Claims under the IDEA fail as a matter of law because clear Fifth Circuit precedent dictates that the IDEA does not provide for individual liability. *Lollar v. Baker*, 196 F.3d 603, 609 (5th Cir. 1999) (citing 29 U.S.C. § 794); see also, *R.S. v. Starkville Sch. Dist.*, 2013 U.S. Distr. LEXIS 134264, at *28 (N.D. Miss. Sep. 19, 2013); *Tristan v. Socorro Indep. Sch. Dist.*, 902 F. Supp. 2d 870 (W.D. Tex. 2012)("[N]either the IDEA nor Section 504, however, provides a cause of action against a school official sued in his individual capacity."); *L.F. v. Hous. Indep. Sch. Dist.*, 2012 U.S. Dist. LEXIS 193031, at *16 (S.D. Tex. June 21, 2012)("Because IDEA and Section 504 are intended to prevent discrimination by public agencies rather than discrimination by officials in their individual capacities, Defendants are immune from personal liability under IDEA and Section 504.").

Paragraph 4 of Plaintiff's Complaint clearly states that "[s]aid Deneiece Kellams is made a defendant herein individually." [Doc. 01]. Because no fact issue remains as to whether Plaintiff sued Ms. Kellams in her individual capacity and because there is no individual liability under the IDEA, this Court should grant Ms. Kellams' Motion for Summary Judgment.

### H.  Claim Seven – Violation of the ADA

Claim Seven of Plaintiff's Complaint does not contain an allegation against Ms. Kellams. Therefore, Ms. Kellams moves that Plaintiff's Complaint be dismissed against her as to Count Seven. However, even if Claim Seven contained an allegation against Ms. Kellams, the same should be dismissed on summary judgment because no fact questions remain and the claim fails as a matter of law.

Claim Seven alleges that the other named Defendants are liable under the ADA because they discriminated against and excluded her based on N.R.'s disability. [Doc. 01, ¶¶66-70]. District courts within the Fifth Circuit have consistently held that individual defendants cannot be held liable for damages under the ADA. *Jenkins v. Bd. of Educ.*, 937 F. Supp. 608, 612 (S.D. Tex. 1996) [*17] (finding that the plaintiff suing school district officials under the ADA in their individual capacities failed to state a claim upon which relief could be granted, *Miller v. Giglio Distrib. Co.*, 899 F. Supp. 318, 319 (E.D. Tex. 1995)(finding no relief from individual defendants is available under the ADA); *see also Rodiriguez v. Corvel Corp.,* 2001 U.S. Dist. LEXIS 25714 at *15-16 (W.D. Tex. Feb. 26, 2001) (stating that the same rationale that denies individual liability under Title VII also precludes individual liability under the ADA).

It is undisputed that Plaintiff's claims against Ms. Kellams are in her individual capacity. [Doc. 01, ¶4] It is not alleged that Ms. Kellams' actions had the effect of exclusion or that Ms. Kellams discriminated against N.R. No further fact issues exist as to this claim. Finally, because

no individual liability is available under the ADA, Plaintiff's claims fail as a matter of law. Therefore, Ms. Kellams Motion for Summary Judgment should be granted.

## I. Claim Eight – Failure to Train and Supervise

Claim Eight of Plaintiff's Complaint does not contain an allegation against Ms. Kellams. Therefore, Ms. Kellams is entitled to summary judgment for those claims. Claim Eight alleges that the WCSD – not Ms. Kellams – failed to train and supervise its teachers and paraprofessionals in order to ensure the safety and well-being of students in violation of 42 U.S.C. § 1983. [Doc. 01, ¶¶71-79] Ms. Kellams is entitled to judgment as a matter of law as to Claim Eight. Therefore, Ms. Kellams' Motion for Summary Judgment should be granted.

## V. CONCLUSION

Because no genuine issues of material fact remain and Ms. Kellams is entitled to a judgment as a matter of law for those claims asserted against her, this Court should grant Ms. Kellams' Motion for Summary Judgment.

Respectfully submitted, this the **12th** day of **October, 2018.**

**DENEIECE KELLAMS, DEFENDANT**

s/Benjamin B. Morgan
BENJAMIN B. MORGAN

CRAIG N. ORR – MSB #9847
BENJAMIN B. MORGAN – MSB #103663
BURSON ENTREKIN ORR MITCHELL & LACEY, P.A.
535 North 5th Avenue (39440)
P.O. Box 1289
Laurel, MS 39441-1289
Telephone: (601) 649-4440
Facsimile: (601) 649-4441
Email: orr@beolaw.com
morgan@beolaw.com

## CERTIFICATE OF SERVICE

I, Benjamin B. Morgan, do hereby certify that I have served a true and correct copy of the above and foregoing document, via United States mail, postage prepaid, to the following counsel of record at their usual office mailing addresses:

Douglas L. Tynes, Jr., Esq.
Courtney P. Wilson, Esq.
Tynes Law Firm, P.A.
P.O. Box 966
Pascagoula, MS 39568
Email: monte@tyneslawfirm.com
       courtney@tyneslawfirm.com

Rocky Wilkins, Esq.
Morgan & Morgan, PLLC
4450 Old Canton Road, Suite 200
Jackson, MS 39211
Email: rocky@forthepeople.com
    *Attorneys for Plaintiff*

John S. Hooks, Esq.
Lindsey O. Watson, Esq.
Adams and Reese LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, MS 39157
Email: john.hooks@arlaw.com
       lindsey.watson@arlaw.com
    *Attorneys for Defendant, Wayne County School District*

Walter W. Dukes, Esq.
Haley N. Broom, Esq.
Dukes, Dukes, Keating & Faneca, PA
P.O. Drawer W
Gulfport, MS 39502-0680
Email: walter@ddkf.com
       hbroom@ddkf.com

Vicki R. Leggett, Esq.
Zachary & Leggett, PLLC
P.O. Box 15848
Hattiesburg, MS 39404-5848
       vleggett@zandllaw.com
    *Attorneys for Defendant, Tomette Yates*

THIS, the **12th** day of **October, 2018.**

s/Benjamin B. Morgan
BENJAMIN B. MORGAN