# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**LETESSA RUSSELL**, *individually and as natural mother and next friend of N.R., a minor*　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**

V.　　　　　　　　　　　　　　　　　　　　CAUSE NO. 3:17-CV-154-CWR-JCG

**WAYNE COUNTY SCHOOL DISTRICT**;　　　　**DEFENDANTS**
**TOMETTE YATES**, *individually*;
**DENEIECE KELLAMS**, *individually*; and
**JOHN OR JANE DOES 1-10**

## ORDER

Before the Court are the individual defendants' motions for summary judgment on the basis of qualified immunity. The substantive law was discussed in the Court's recent letter to the parties. *See* Docket No. 341. The qualified immunity standard is well-articulated in the parties' briefs and need not be recited here.

First, given the cases cited in the letter to the parties, *see id.* at 2, the plaintiff's Fourth Amendment claim is dismissed in deference to her Fourteenth Amendment substantive due process claim. The rest of this Order will focus on that substantive due process claim. In accordance with recent guidance from the Fifth Circuit, it is appropriate in this case to discuss "the underlying constitutional question before considering the immunity defense." *Okorie v. Crawford*, 921 F.3d 430, 434 (5th Cir. 2019) (citations omitted).

The plaintiff's experts say that no reasonable teacher or para-professional would strike a non-verbal, autistic student with a wooden stick. There also is a significant factual dispute as to whether the individual defendants' striking of N.R. was instructional or disciplinary in nature. Under the standard of review, the Court must accept that it was instructional. The necessary

conclusion is that there is a material dispute about whether the individual defendants violated N.R.'s substantive due process right to bodily integrity.

The Court must then determine whether the individual defendants "violated clearly established constitutional rights of which a reasonable person would have known. Clearly established law must be particularized to the facts of a case. Thus, while a case need not be directly on point, precedent must still put the underlying question beyond debate." *Samples v. Vadzemnieks*, 900 F.3d 655, 662 (5th Cir. 2018) (quotation marks, citations, and ellipses omitted). We have been told that "clearly established law comes from holdings, not dicta," *Morrow v. Meachum*, 917 F.3d 870, 875 (5th Cir. 2019) (citations omitted), and that we "are to pay close attention to the specific context of the case" and not "define clearly established law at a high level of generality," *Anderson v. Valdez*, 913 F.3d 472, 476 (5th Cir. 2019) (quotation marks and citations omitted). And it is here that the qualified immunity analysis ends in the movants' favor.

The plaintiff has pointed to cases that discuss at a general level a person's "right to be free of state-occasioned damage to a person's bodily integrity." *Shillingford v. Holmes*, 634 F.2d 263, 265 (5th Cir. 1981), *abrogated by Valencia v. Wiggins*, 981 F.2d 1440 (5th Cir. 1993). In one of this Circuit's leading decisions regarding the substantive due process rights of students, the Fifth Circuit found that a second-grader was deprived of her rights when she was tied "to a chair for an entire school day and for a substantial portion of a second day, as an educational exercise, with no suggested justification." *Jefferson v. Ysleta Indep. Sch. Dist.*, 817 F.2d 303, 305 (5th Cir. 1987).[1]

---

[1] In *Saldana v. Angleton Independent School District*, a federal district court in Texas requested further briefing on whether allegations of beating an autistic child with a seat belt buckle could overcome qualified immunity. *See* No. 3:16-CV-159, 2017 WL 749292, at *7 (S.D. Tex. Feb. 27, 2017). Even if those factual allegations were close enough to our own and the issue was decided in the plaintiff's favor, the *Saldana* decision post-dated the abusive

2

But those cases are not similar enough to our facts to satisfy the demands of qualified immunity. The closest case, in fact, involves an educator *granted* qualified immunity after shoving and kicking a severely autistic, non-verbal student, causing bruises and PTSD. *Marquez v. Garnett*, 567 F. App'x 214, 215 (5th Cir. 2014). Given *Marquez*, the present motion for qualified immunity will be granted.

Outcomes like this are coming under increased scrutiny. Judge Willett explained why in a 2018 dissent:

> To some observers, qualified immunity smacks of unqualified impunity, letting public officials duck consequences for bad behavior—no matter how palpably unreasonable—as long as they were the *first* to behave badly. Merely proving a constitutional deprivation doesn't cut it; plaintiffs must cite functionally identical precedent that places the legal question "beyond debate" to "every" reasonable officer. Put differently, it's immaterial that someone acts unconstitutionally if no prior case held such misconduct unlawful. This current "yes harm, no foul" imbalance leaves victims violated but not vindicated. Wrongs are not righted, and wrongdoers are not reproached.

*Zadeh v. Robinson*, 928 F.3d 457, 479 (5th Cir. 2019) (Willett, J., dissenting) (footnote omitted). Judge Willett is not a solo performer. There is a chorus. *See Baldwin v. City of Estherville*, 915 N.W.2d 259, 284-91 (Iowa 2018) (Appel, J., dissenting); Lynn Adelman, *The Supreme Court's Quiet Assault on Civil Rights*, Dissent Magazine (Fall 2017), https://www.dissentmagazine.org/article/supreme-court-assault-civil-rights-section-1983. A growing body of research indicates that qualified immunity fails to achieve even its intended goals. *See* Joanna C. Schwartz, *How Qualified Immunity Fails*, 127 Yale L.J. 2 (2017); *see also* William Baude, *Is Qualified Immunity Unlawful?*, 106 Cal. L. Rev. 45 (2018). Perhaps others on the Fifth Circuit will add their voices to Judge Willett's composition.

---

events at the heart of our case, and therefore could not have instructed the individual defendants on what constituted clearly established law. *See Anderson v. Creighton*, 483 U.S. 635, 639 (1987) (reciting that qualified immunity turns on the "legal rules that were 'clearly established' at the time [the official action] was taken").

For now, though, the "dispositive question is whether the violative nature of *particular* conduct is clearly established." *Shepherd on behalf of Estate of Shepherd v. City of Shreveport*, 920 F.3d 278, 285 (5th Cir. 2019) (quotation marks and citation omitted); *see also White v. Pauly*, 137 S. Ct. 548, 552 (2017) (holding that although "general statements of the law are not inherently incapable of giving fair and clear warning" to public officials, "in the light of pre-existing law the unlawfulness must be apparent"). And here, at the time of these individual defendants' conduct, it was not clearly established that repeatedly striking a non-verbal, autistic student with a wooden stick would violate rights guaranteed by the substantive due process clause.

Trial is fast approaching and several motions remain pending. For planning purposes, the parties should know that the Court expects to proceed to trial on the ADA, § 504, *Monell* (substantive due process)[2], and state-law claims as to the School District; and on state-law claims as to the individual defendants. Experts who focus exclusively on the IDEA or N.R.'s educational placement need not attend as that cause of action will be decided on the papers.

**SO ORDERED**, this the 16th day of August, 2019.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE

---

[2] *See Howell v. Town of Ball*, 827 F.3d 515, 529 (5th Cir. 2016) (permitting *Monell* claim to proceed to trial despite grant of qualified immunity based on the 'clearly established' prong).